*495 OPINION of the Court, by
Ch. J. Boyle.
— This was a scire^facias upon a recognizance acknowledged by the appellant on the 13th of February 1812, in which *496 he undertook that Thomas Marshall, jun. an infant tin», der the age /oí 21, should personally appear on the first day ot the circuit court to be hoiden next thereafter for the Mason circuit, to answer such matters as should be then and there alleged against him ; and that he should in the mean time keep the peace and be of good behavior towards ail the citizens of this commonwealth, and particularly towards Isaac Bickly and Charles M'it-chelh
It appears from the record that Thomas Marshall appeared according to the requisition of the recognizance, but it was agreed that he and Charles Mitchell, who were citizens of this commonwealth and residents of M«son county, subsequent to the date of the recogni-sance and prior to the day of apptarance therein named, crossed the. Ohio river and met in the state of Ohio and out of the jurisdiction of this commonwealth, and inutually discharged at each other pistols loaded with powder and ball, and recrossed the river on the, same day. And it was submitted to the court whether the said meeting and firing at each other without the jurisdiction olthis commonwealth, was a breach of the recognizance ?
The court below gave judgment against the appellant, from which he has appealed to this court.
■The legislative authority of every stale or empire, is necessarily confined within the limits of the territory over which it possesses sovereign jurisdiction. This is a self-evident proposition, and is a fundamental principle in political science. The municipal law of every country is therefore in its nature territorial; and'the common law, which forms the great body of the municipal law of this state, is strictly so. Its object is to re-guiate the conduct of those who are within the state, whether they be permanently or only temporarily resident here ; but as the municipal law of this state, it can have no operation beyond the territorial It in its of the commonwealth. It follows, therefore, that an act of violence committed in the state of Ohio, as was agreed in this case to have been done,constitutes no offence against the laws ot this state. Nor, as an offence against the laws of the state of Ohio, can the tribunals of this country regularly exercise a jurisdiction over it, either for its prevention or punishment.
*497 It is true that the laws of this state, as Well as those of every civilized country, will for the sake of justice and for the purpose of promoting' the social and commercial intercourse befween citigens or Subjects of different communities, afford a remedy for a private wrong or civil injury, if it be not local in its nature, although it be done without the limits of the state ; and in such case, irom a principle of comity amongst nations, the lex loci of the transaction becomes the rule of decision wherever the remedy may be sought. But this principle has never been extended to public wrongs or crimes and misdemeanors. The laws for the prevention or punishment of these, have according to the established usages of nations, no operation extra territoriuih ; and the tribunals of one couutry never assume a jurisdiction to enforce the laws of another.
As then an act of violence done in the state of Ohio is not a violation of the peace of this commonwealth, and cannot be cognizable by the courts of this state, it results that it is not a breach of the recognizance ; and consequently the judgment of the inferior court is erroneous and must be reversed.