BARKWELL *v.* THE STATE on the relation of ROBINSON.

The prosecuting attorney of the fourth judicial circuit, who was elected under a law of 1849, (Laws 1849, p. 95), was entitled to serve during the full period of the term for which he was elected, notwithstanding the election, before the expiration of his said term, of a prosecuting attorney for that circuit, under the act of 1851, (Laws 1851, p. 141).

ERROR to the *Vanderburgh* Circuit Court.

PERKINS, J.—At the *September* term, 1851, of the *Vanderburgh* Circuit Court, the following information, in the nature of a writ of *quo warranto*, was filed in said Court:

"*Andrew L. Robinson*, prosecuting attorney for the fourth judicial Circuit of the state of *Indiana*, who, for

the state of *Indiana*, on his own relation, prosecutes in this behalf, comes into Court in his own proper person, and, for the said state of *Indiana*, on the relation of the said prosecuting attorney, gives the Court here to understand and be informed that *Herman G. Barkwell*, heretofore, to-wit, on the 1st·day of *September*, A. D. 1851, wrongfully and unlawfully did usurp and intrude into the office of prosecuting attorney for the said circuit in the state aforesaid, and from the day and year aforesaid until the present time, unlawfully and wrongfully did then and there hold the said office of prosecuting attorney, he the said *Barkwell* then and there not being duly elected to the said office, nor entitled to hold or exercise the same; to the great prejudice, damage, and injury of the said *Andrew L. Robinson*, who, of right, holds the said office, and who alone is entitled to exercise the same according to law; and to the damage of the state of *Indiana*.

"Wherefore the said prosecuting attorney, who, for the said state of *Indiana*, on his own relation, prosecutes, prays the consideration of the Court here in the premises, and that due process of law may be awarded against the said *Herman G. Barkwell* in this behalf, to compel him to answer to the said state of *Indiana* by what authority he claims to usurp, hold, and exercise the office aforesaid. *A. L. Robinson.*"

*Barkwell* pleaded as follows:

"*Herman G. Barkwell*, the defendant herein, comes into Court, and, having heard the information read to him, for plea thereto says, that the said state of *Indiana* ought not further to prosecute her said information herein against him, because he says he was elected prosecuting attorney in and for the fourth judicial circuit of the state of *Indiana*, at the last general election, held on the first *Monday* of *August*, 1851; and that he was duly commissioned by the governor of the state of *Indiana* as such prosecuting attorney, on the 1st day of *September*, 1851, for the term of two years from said date, and until his successor should be elected and qualified; and that on the 8th day of *September*, 1851, he presented his commission

in open court, in the *Posey* Circuit Court, in said circuit, and gave bond as prescribed by law, to the acceptance of the president judge of the said fourth judicial circuit, and took the oath of office as such prosecuting attorney, in conformity with the provisions of law, which oath was then and there by said president judge indorsed on the back of said commission; and that he, said defendant, then and there, under the direction and by the order of said Court, entered on the discharge of his duties as such prosecuting attorney, and continued in the discharge thereof up to the time of filing the information herein by said *Andrew L. Robinson*, attorney and relator for the state; all of which the said defendant is ready to verify; wherefore he prays judgment, and that by the Court here said information may be dismissed, and said defendant permitted to proceed in the discharge of his duties as such prosecuting attorney, &c. *H. G. Barkwell*."

To this plea the plaintiff replied as follows: " And the said plaintiff, for replication to the said plea of the said defendant, says that the plaintiff ought not to be barred or precluded from having, prosecuting, or maintaining her said information against the said defendant by reason of anything in the said plea alleged, because the said plaintiff says that the said *Andrew L. Robinson* was elected prosecuting attorney of and for the fourth judicial circuit of the state of *Indiana* at the general election held on the first *Monday* of *August*, A. D. 1849, and, in pursuance of said election, the said *Robinson* was, on the 23d day of *August*, A. D. 1849, duly commissioned by the governor of the state of *Indiana*, as such prosecuting attorney, for the term of three years from the day and year last aforesaid, and until his successor should be elected and qualified; and afterwards, to-wit, on the 1st day of *September*, A. D. 1849, the said *Andrew L. Robinson* presented his commission to the president judge of the said fourth judicial circuit, and at the same time presented to the said judge an official bond, executed by the said *Robinson* and his sureties, and conditioned according to the requirements of the statutes in such case made and

provided; and the said judge thereupon, on the day and year last aforesaid, accepted and approved of said bond and security, and administered to said *Robinson* the oath of office as such prosecuting attorney, as required by the constitution of the state and the statutes in such case made and provided, which oath was then and there by said president judge, indorsed on the back of said commission, and thereby the said *Robinson* then and there became and was the duly elected, commissioned and qualified prosecuting attorney of and for the said fourth judicial circuit for the said term of three years, which time has not yet expired or elapsed; and the said plaintiff further avers that the said *Robinson* has never, at any time, resigned or vacated his said office, nor has he, in any way, been removed therefrom; all of which the said plaintiff is ready to verify, &c.; wherefore he prays judgment, &c. *A. L. Robinson.*"

To this replication the defendant filed a general demurrer, in which the plaintiff joined. The Court overruled the demurrer, held *Robinson* the rightful prosecuting attorney, and gave judgment of ouster against *Barkwell*, the defendant.

In considering this question, it will be necessary to glance at the history of legislation for a few years past, in reference to prosecuting attorneys.

By the law of 1831, prosecuting attorneys for the several judicial circuits of the state, were elected by the legislature for three years, and received their salaries from the state treasury.

By the law of 1843, they were elected by the voters of the several judicial circuits for two years, and received their salaries from the state treasury.

By the law of 1847, a prosecuting attorney was to be elected in each county in the state, by the voters thereof, and to hold his office for three years, receiving his compensation by way of docket-fees, without any salary from the state.

In 1849, a local law was passed, enacting that the voters of the fourth and eighth judicial circuits should

elect prosecuting attorneys for said circuits, with the ex-
ception of the county of *Cass*, in the fourth circuit, who
should hold their offices for three years, receiving no com-
pensation from the state treasury. The election was to
take place on the first *Monday* in *August*, 1849.

Under this law, *A. L. Robinson* was elected, on the first
*Monday* in *August*, 1849, prosecuting attorney for three
years, for the fourth judicial circuit aforesaid, and was
qualified. His term of office extended, therefore, under
said election, to *August*, 1852.

But, in 1851, on the 14th of *February*, a law was en-
acted, repealing the law of 1847 throughout the state,
wherever it was in operation, including the county of
*Cass*, in the eighth circuit, which county had not been
embraced by the local law of 1849, and reviving and
declaring in full force that part of the act of 1843
making prosecuting attorneys elective by the voters of the
several judicial circuits every two years, and that part
of the act of 1831 prescribing the duties of said prosecut-
ing attorneys, and making their salaries payable out of the
state treasury; and further declaring that the first election
under said act of 1851 should be on the first *Monday* in
*August* following, being the annual election day for the
year 1851. The acts thus revived were general and ope-
rative in every county of the state; and the first question
presenting itself is, whether they have the effect to repeal
the local act of 1849 in the fourth and eighth judicial
circuits.

Their provisions are utterly irreconcilable with the pro-
visions of said act of 1849, and, we think, necessarily
repeal it.

Such being the case, as Mr. *Robinson* was holding his
office of prosecuting attorney under and by virtue alone
of said repealed act, he necessarily went out of that
office with the expiration of said act, unless there was
some saving clause in reference to existing incumbents
of office. As it would be but just to said incumbents
that they should be permitted to serve out the terms for
which they were elected, it will be right for the Court,

if by a reasonable construction of the laws that result can be effected, to preserve their terms to them. We think this can be done.

The act of 1843, R. S. 1843, p. 1048, contains this proviso, viz., that it shall not "be so construed as to prevent the present prosecuting attorneys from holding their said office during the term for which they have been elected." Now, this proviso was repealed by the act of 1847, or it was not. If it was repealed by that act, it was revived by the act of 1851, under which *Barkwell* was elected, for that act revives "so much" of the act of 1843 as was repealed by the act of 1847. If it was not repealed by the act of 1847, it has continued a standing law of the state since 1843, as no other act has repealed it, and would, hence, from a part of all new laws relative to the tenure of office of prosecuting attorneys.

*Per Curiam.*—The decree is affirmed with costs.

*H. G. Barkwell*, for the plaintiff.

*C. Baker*, for the state.