May Term, 1855.

HUDDLESTON v. PEARSON.

——————————

HUDDLESTON *v.* PEARSON.

*A.* was elected clerk of *Pulaski* county in *August*, 1845, for seven years. In 1841 the office of county auditor was created by law, but the act creating it provided that the duties thereby enjoined upon auditors should continue to be discharged by the county clerks, until auditors should be elected and qualified. In 1846 the legislature enacted that nothing in the act of 1841 should be so construed as to affect those clerks who, at the passage of the act of 1846, were exercising the functions of auditor in those counties where the number of voters did not exceed twelve hundred; but that they should continue, *ex officio*, to exercise the duties of auditors until the number of voters should exceed twelve hundred. *B.* was elected auditor of said county in 1851, but the county had not then, nor before, nor has it since had twelve hundred voters.

*Held*, that *B.'s* election was illegal.

*Held*, also, that *A.* had a right, *ex officio*, under the constitution of 1851, to discharge the duties of auditor until the expiration of his official term as clerk.

May Term,
1855.

HUDDLESTON
v.
PEARSON.

Wednesday,
June 6.

APPEAL from the *Pulaski* Circuit Court.

PERKINS, J.—Information in the nature of a *quo war-ranto*, on the relation of *William S. Huddleston*, against *John Pearson*, alleging that the latter usurped from the former the office of auditor of *Pulaski* county. *Pearson* answered. There was a demurrer to his answer, which was overruled, and final judgment given against *Huddleston*. The information was filed *March* 31, 1852.

It appears that *Pearson* was elected clerk of *Pulaski* county, in *August*, 1845, for seven years, a term not expired when the present information was filed, and we must look to our legislation to ascertain his rights in the premises.

In 1841 the office of county auditor was created, but the act (section 53) provided, that "all the duties enjoined upon the auditors of counties in this act, shall continue to be discharged by the clerks until county auditors are elected and qualified," &c. Till an auditor was elected, therefore, *Pearson*, under this act, would have discharged, in *Pulaski* county, the duties transferred to auditors. It is not shown that an auditor was elected in that county till 1851. But before that time, to-wit, in 1846, the legislature had modified the act of 1841, (L. 1846, p. 20,) thus:

" SEC. 3. That nothing in this act shall be so construed as to affect those clerks of the Circuit Courts, who now exercise the functions of auditor in those counties where the number of voters do not exceed 1,200, but they shall continue to exercise the duties of auditors, *ex officio*, until the number of voters of those counties shall exceed 1,200."

This act, in effect, abolished the office of auditor in the counties in which it operated, till they had become populous to a given extent; and the office, not being one created by the then existing constitution, the legislature had the power to pass such an act.

At this time *Pearson* was clerk of *Pulaski* county; it had no auditor; it had not, and has not yet, twelve hundred voters, and, hence, no auditor could be legally elected in it, at all events, till the coming into force of the new constitution. *Huddleston*, therefore, who claims to have

been elected auditor in 1851, was not legally elected; and Pearson being legally in the discharge of the duties of clerk, an office, in that county, to which belonged the duties in other counties exercised by auditors, he was, by the new constitution, continued in their exercise till the expiration of his term. *Jones* v. *Cavins*, 4 Ind. 305, where the reasoning upon this point will be found.

The judgment of the Court below must be affirmed.

STUART, J., having been concerned as counsel, was absent.

*Per Curiam.*—The judgment is affirmed with costs.

*D. D. Pratt*, for the appellant.

*L. Chamberlain*, for the appellee.