## THE STATE *v.* RUDOWSKEY ET AL.

SURETY OF PEACE.—*Recognizance to Answer.— Complaint for Breach by Assault on Third Person.*—In an action by the State, against the principal and surety, on a recognizance, the complaint alleged that the "prosecuting attorney * now gives the court here to understand and be informed," that, on, etc., at, etc., in a proceeding for surety of the peace, instituted against the principal, in the name of the State on the relation of an affiant, before a justice of the peace, the principal had been required to and did enter into a recognizance, made part of the complaint by copy, with his codefendant as surety, in a certain sum each, to the State, to appear on the first day of the next term of the circuit court to answer in such cause, "and abide the order of such court therein, and in the mean time keep the peace toward all inhabitants of this State ;" and that thereafter, but prior to the first day of such term of court, the principal had committed an assault and battery upon a certain third person, and had been prosecuted, and on his own confession convicted therefor. Wherefore, etc.

*Held,* on separate demurrers by the principal and surety, that the complaint, though informal, is sufficient.

From the Marshall Circuit Court.

*T. W. Woollen,* Attorney General, *P. O. Jones,* Prosecuting Attorney, and *J. D. McLaren,* for the State.

*M. A. O. Packard* and *O. M. Packard,* for appellees.

NIBLACK, J.—This was an action by the State, against Robert C. Rudowskey and John Weiseter, on a recognizance to keep the peace.

The complaint was as follows :

" Perry O. Jones, prosecuting attorney, in and for the Forty-First Judicial Circuit of the State of Indiana, * * * * now gives the court here to understand and be informed, that, on the 9th day of August, 1878, an affidavit for surety of the peace was made and filed by one Peter Becker, against the said defendant Rudowskey, before D. A. Snyder, Esq., a justice of the peace in and for said [Marshall] county, and thereupon a warrant was issued by said justice, and the said Rudowskey was arrested thereupon, and taken before said justice, and then and there

and thereupon the said Rudowskey, in open court, before said justice Snyder, confessed that the said Peter Becker had just cause to entertain the fears expressed in his said affidavit for surety of the peace aforesaid, and the said justice so found accordingly, and required of the said Rudowskey recognizance and freehold security in the sum of two hundred dollars for his appearance on the first day of the next term of the Marshall Circuit Court, and in the mean time keep the peace toward all the inhabitants of this State; and thereupon the said Rudowskey and the said defendant John Weiseter, as such freehold security, executed said recognizance, a copy of which is herewith filed, marked 'A,' and made a part of this complaint.

"That afterward and before the" (then) "first day of the Marshall Circuit [Court], to wit, on or about the 5th day of September, 1878, at said county of Marshall, the said defendant Rudowskey committed an assault and battery on the person of one Charles Cressner, an inhabitant and a citizen of said county and State, of which he was convicted, and adjudged guilty upon his own confession, in open court, before the same justice of the peace, the said D. A. Snyder, justice as aforesaid, on the 11th day of September, 1878, as appears by the docket and entries therein of said justice Snyder, whereby his said recognizance, heretofore given in the surety of the peace case aforesaid, became and is forfeited to the plaintiff, the said State of Indiana aforesaid.

"And thereupon the said plaintiff demands judgment of forfeiture of said recognizance, and that the said plaintiff have judgment thereon, against the said defendants, for four hundred dollars, for the use and benefit of the school fund of said State, and for all other proper relief."

The copy of the recognizance filed with the complaint was as follows:

"In the court of D. A. Snyder, Esq., Justice of the peace in Centre Township, Marshall county, Indiana.

" The State of Indiana, *ex rel.* Peter Becker, *v.* Robert Rudowskey.

" We, Robert Rudowskey and John Weiseter, severally acknowledge ourselves bound to the State of Indiana in the penal sum of two hundred dollars each, if the said Robert Rudowskey shall not appear at the first day of the next term of the Marshall Circuit Court, to answer a complaint of surety of the peace, made against him by Peter Becker, and abide the order of such court therein, and in the mean time keep the peace toward all the inhabitants of this State.                     R. C. RUDOWSKEY, [SEAL.]

" JOHN WEISETER, [SEAL.]

" Attest : D. A. SNYDER, J. P."

The defendants demurred separately to the complaint, and their demurrers were severally sustained. The plaintiff declining to plead further, final judgment upon demurrer was rendered in favor of the defendants.

We have, therefore, only to consider the question of the sufficiency of the complaint.

The condition of the recognizance in suit was threefold : 1st. That Rudowskey should appear in the Marshall Circuit Court on the first day of the term then next ensuing ; 2d. That he should, after appearing, abide the order of said court in the proceeding in which he was so recognized ; 3d. That he should, in the mean time, keep the peace toward all the inhabitants of this State.

It is only as a bond to keep the peace that we have to consider the recognizance in this action.

American authorities, having any reference to actions upon recognizances to keep the peace, are very meagre indeed, and, as proceedings to obtain surety of the peace had their origin in the common law and in the English statutes, we are required to look to English authors for the elementary definition of the nature and character of those proceedings.

Blackstone, in his commentaries, vol. 4, p. 252, in speaking of sureties to keep the peace, and for good behavior, says:

" This security consists in being bound, with one or more securities, in a recognizance or obligation to the king, entered on record, and taken in some court or by some judicial officer; whereby the parties acknowledge themselves to be indebted to the Crown in the sum required, (for instance 100*l*,) with condition to be void and of none effect if the party shall appear in court on such a day, and in the mean time shall keep the peace, either generally towards the king and all his liege people, or particularly, also, with regard to the person who craves the security. Or, if it be for the good behaviour, then on condition that he shall demean and behave himself well (or be of good behavior), either generally or specially, for the time therein limited, as for one or more years, or for life. This recognizance, if taken by a justice of the peace, must be certified to the next sessions, in pursuance of the statute   *   *   *;   and if the condition of such recognizance be broken, by any breach of the peace in the one case, or any misbehavior in the other, the recognizance becomes forfeited or absolute ; and being *estreated* or extracted (taken out from among the other records), and sent up to the exchequer, the party and his sureties, having now become the king's absolute debtors, are sued for the several sums in which they are respectively bound."

Further on, while speaking only of a recognizance for surety of the peace, the same author says:

" Such recognizance for keeping the peace, when given, may be forfeited by any actual violence, or even an assault, or menace, to the person of him who demanded it, if it be a special recognizance ; or if the recognizance be general, by any unlawful action whatsoever, that either is or tended to a breach of the peace," etc.   4 Bl. Com. 255.

1 Hawk. P. C. 483; *Key* v. *The Commonwealth*, 3 Bibb, 495.

We have no brief from the appellees, and hence no objection to the sufficiency of the complaint has either been presented or argued here.

Applying the principles above laid down to the complaint before us, and judging also, of it, from analogous cases arising upon other recognizances, we are of the opinion, that it contains facts substantially sufficient to constitute a cause of action against the appellees, and that the demurrers to it below ought to have been overruled. *Adams* v. *The State*, 48 Ind. 212; *Patterson* v. *The State*, 12 Ind. 86.

The complaint was somewhat informal, being more in the form of an information, but that was no objection to the substantial facts which it contained. The judgment will therefore have to be reversed.

The judgment is reversed, with costs, and the cause remanded with instructions to overrule the demurrers to the complaint, and for further proceedings.