The State, *ex rel.* Waymire, *v.* Shay.

## No. 11,942.

## THE STATE, EX REL. WAYMIRE, *v.* SHAY.

OFFICE AND OFFICER.—*Township Trustee.*—*Election.*—*Certificate of.*—The right to the office of township trustee is ultimately decided by the ballots, and not upon the certificate of election, and the eligible candidate receiving the highest number of votes cast is entitled to the office.

ELECTION.—*Quo Warranto.*—*Right to Try Title to Office.*—A defendant in a *quo warranto* proceeding is not bound to confine the controversy to the single question as to the effect of the certificate of the election officers, but has a right to assert, by answer, his title to the office, and to show that he was the eligible candidate who received the highest number of votes; nor is he obliged, when proceeded against by an information in the nature of a *quo warranto,* to yield up the office and resort to the statutory remedy for trying title to office, where a "re-count" of the votes shows that he was duly elected.

SAME.—*Evidence.*—*Ballots.*—It is proper on the trial of an issue joined on an information in the nature of a *quo warranto,* to try the title to an office, to introduce in evidence the ballots cast at the election.

SAME.—*Entries of Public Officers.*—It is proper to give in evidence the entries of public officers made in the discharge of public duties, and this rule applies to an endorsement by the inspector of the election made upon a bag containing ballots.

SAME.—"*Re-Count*" *of Votes.*—The statute authorizes the circuit court to order a "re-count" of ballots cast at an election.

SAME.—*Evidence.*—*Certificate of Commissioners Appointed to Recount Ballots.*— The certificate of the commissioners appointed by the circuit court to recount the ballots cast at an election is competent evidence.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellant.

*H. D. Thompson* and *T. B. Orr,* for appellee.

ELLIOTT, J.—The relator filed an information in the nature of a *quo warranto,* claiming a right to the office of township trustee of Duck Creek township, Madison county. It was alleged in his petition, or information, that he had been duly elected, was eligible, and had received the certificate of election and had qualified by giving bond and taking the oath of office. The first paragraph of the appellee's answer is the general denial, and the second is a special paragraph, alleging

that the relator and the appellee were the only candidates for the office in controversy, that the latter was eligible to the office, that he received one hundred and seven of the votes cast at the election, and that the relator received one hundred and six; that by mistake of the election officers one hundred and fourteen of the votes were counted for the relator and only ninety-eight were counted for the appellee; that the appellee instituted proceedings under the statute to have the votes again counted; that notice was given, and by agreement Thomas J. McMahan, John W. Pence and DeWitt C. Chipman were appointed commissioners to recount the ballots; that they did recount them and did ascertain that a mistake was made in the first count, and that the appellee, and not the relator, had received the highest number of votes cast at the election.

We regard this answer as sufficient. If the appellee did actually receive the highest number of voes cast, he, and not the relator, was entitled to the office. The certificate of the election officers was not conclusive evidence of the relator's election, but was only *prima facie* evidence of that fact. American Law of Election, sections 219 and 221. An election is ultimately decided, not by the certificate of election, but by the ballots, and the eligible candidate who received the highest number is entitled to the office. *Dobyns* v. *Weadon,* 50 Ind. 298; *Hadley* v. *Gutridge,* 58 Ind. 302; *Reynolds* v. *State, ex rel.,* 61 Ind. 392.

As the certificate of the election officers conferred only a *prima facie* right to the office, the appellee was entitled to overthrow it by showing that it had been ascertained, in the method prescribed by law, that the certificate was founded upon an unsubstantial basis, and that the appellee, and not the relator, had received the highest number of votes. The "recount" made under the provisions of the statute, and the certificate issued by the commissioners, disclosed the fact that the certificate did not entitle the relator to the office claimed, and the only way in which the question could be authoritatively settled was by a judicial investigation.

The appellee had a right to vindicate his title to the office by showing that he did in fact receive the highest number of votes cast. A defendant in such a proceeding as this may, by answer, assert his claim to the office which the relator seeks to secure. *Elam* v. *State, ex rel.,* 75 Ind. 518. The appellee was not bound to confine the controversy to the single question of the force and effect of the certificate of the election officers, but had a right to go into the merits of the controversy, and have the question of the title to the office finally settled. The filing of the information was a challenge to the appellee to show his right to the office, and it devolved upon him to meet the claim of the relator by all such defences as he possessed. It may well be doubted whether if the appellee had omitted to set forth his title to the office he would not have been concluded from ever afterwards asserting it. It was, at all events, proper to settle the entire controversy in one action.

The appellee was not obliged to resort to the statutory method of contesting the relator's title to the office, but had a right to defeat the relator by showing that he was not elected to the office. It has often been held that it is proper to try title to an office by *quo warranto,* even where a statutory method is prescribed. *State, ex rel.,* v. *Gallagher,* 81 Ind. 558; *State, ex rel.,* v. *Adams,* 65 Ind. 393; *Reynolds* v. *State, ex rel.,* 61 Ind. 392; *Barkwell* v. *State, ex rel.,* 4 Ind. 179; *Huddleston* v. *Pearson,* 6 Ind. 337. If it be true that the appellee might have commenced proceedings by an information to settle his right to the office, then, surely, it must be true that when an information is filed against him assailing his title, he may defend by showing the grounds upon which his title rests. Whatever form the contest may assume, the pivotal question is, Who received the highest number of votes? and of this fact the original ballots cast by the voters is the best evidence. *Reynolds* v. *State, ex rel., supra.*

It was proper to produce on the trial the original ballots, and if it appeared from them that the appellee was legally chosen, it was the duty of the court to award him the office.

The statute does not contemplate a trial of the force and effect of the certificate merely, but contemplates a trial of the general question, Who is legally entitled to the office? for it provides " that judgment shall be rendered upon the rights of the parties." R. S. 1881, sec. 1136. A judgment upon the rights of the parties can not be rendered unless it is ascertained who is entitled to the office, and this can not be done without ascertaining which of the candidates actually received the highest number of votes.

There was no error in permitting Andrew J. Behymer, the inspector of the election, to testify that he placed the ballots and election papers in a bag, sealed it and delivered it to the clerk. It was his duty to do this, and it was competent to prove that he had performed this duty. Nor was there any error in permitting him to identify the bag and papers. It was unquestionably competent to permit the clerk, or his deputy, to testify as to when and from whom they received the bag, and to identify it as the one delivered to them by the inspector.

The fact that the bag had been opened, and the ballots counted by the commissioners appointed by the court, did not render the ballots incompetent evidence. It can not be presumed that these officers, or any others, acted illegally or corruptly. It is a familiar rule that officers are presumed to have faithfully performed their duty, and that the presumption is against bad faith and dishonesty. It was incumbent upon the relator to show some facts impeaching the acts of the officers in order to entitle him to insist upon a rejection of the ballots, and here nothing of the kind was shown.

Entries or papers written by public officers in the course of the performance of official acts are competent evidence. It was the duty of the inspector of the election to make an endorsement upon the bag containing the ballots and election papers, and it was competent, under the rule just stated, to read this endorsement in evidence. Upon the same principle it was competent to read in evidence the affidavit of the inspector made in accordance with the provisions of the statute.

That the ballots were competent evidence is apparent from what we have said in discussing some of the other questions.

There was no error in permitting the bond executed by Patrick Shay, the appellee, to be read in evidence; it tended to show that he had qualified according to law, and to prove that he had not abandoned the office.

We perceive no valid objection to the ruling permitting the entry of the order directing a " re-count" to be made. The order was one which the statute authorized the court to make, and tended to show that the persons who recounted the ballots had legal authority to examine them. It also tended to show that the bag containing them was opened by persons duly authorized, and to rebut the inference, which might otherwise have arisen, that they were improperly examined after they had been sealed up and delivered to the clerk.

The court permitted the certificate of the commissioners appointed by the court to make the " re-count" to be introduced, and this ruling is attacked upon the ground that such a certificate is only evidence in case contest is made under the statute. We can not adopt the construction of the statute for which the relator contends. The certificate may be used in a contest under the statute, but there are no limiting or restraining words, and we think that, as it is an instrument made in accordance with law by persons duly authorized, it is competent evidence in any legal contest between the parties, no matter what form the contest may assume. The leading purpose of the statute is to enable a candidate to ascertain, by a " re-count" of the ballots, whether or not the election officers did their duty and correctly counted the ballots. When a " re-count" is made, it is the duty of the commissioners to make a certificate showing the result of their examination, and the certificate is, therefore, an official document exhibiting the result of their examination. It seems clear that, as they had authority to make the examination, and as they were charged with the duty of issuing the certificate, it must be evidence in any legal contest for possession of the office. The

The State, *ex rel.* Waymire, *v.* Shay.

statute, R. S. 1881, sec. 4741, provides that " Such certificate, or the record thereof, may be used as evidence of the facts therein recited upon the trial of any contest of said election between said candidates," and this general language will apply quite as well to a contest by information as to a contest by the statutory method. If we adopt a different view, we should render the certificate useless except in cases where the statutory procedure was adopted, and this would lead to evil results. If the contest is a legal one, the certificate must be deemed evidence, or we shall have an instrument dependent for its force, not upon the merits of the controversy, but upon the form of the remedy. Another evil consequence, which would result from an adoption of the relator's views, would be that an instrument forming an essential part of the procedure provided by law must be excluded, and its place supplied by parol testimony in all proceedings to contest the right to an office by an information in the nature of a *quo warranto*. It is usual to put in evidence all, and not merely a part, of the papers in a legal investigation, and there is no reason why this practice should not prevail here. If it be held that the certificate is not evidence, then a complete explanation of the opening of the bag containing the ballots could not be made, and the " re-count " itself could not be satisfactorily explained. The ultimate result of such a doctrine as that for which the re-lator contends, would be that if a " re-count " was had, and the candidate asking it was proceeded against by information, he could not have the benefit of the " re-count." As the election may be contested by information, it must follow that what would be competent evidence if another remedy had been adopted, must also be evidence where the remedy adopted is by information.

We think that the finding of the court is well supported by the evidence.

Judgment affirmed.

Filed Feb. 24, 1885.