# THE STATE *v.* BOCK.

[No. 20,893.   Filed December 21, 1906.]

1. INTOXICATING LIQUORS.—*Illegal Sales.*—*Statutes.*—The person selling, without a license, intoxicating liquors in quantities of a quart or more at a time under the act of 1875 (Acts 1875 [s. s.], p. 55), as amended by the act of 1897 (Acts 1897, p. 253), could be prosecuted only under §2186 Burns 1901, §2090 R. S. 1881, making it punishable to do business without a license, where a license is required.   p. 562.

2. SAME.—*Sales to Consumers.*—*Statutes.*—The purpose of the liquor license law of 1875 (Acts 1875 [s. s.], p. 55) was to regulate the sales of liquors to consumers, and not to regulate sales by wholesalers to retailers or jobbers.   p. 563.

3. STATUTES. — *Amendatory.* — *Subject-Matter.*—*Constitutional Law.*—The provisions of an amendatory statute must, to be valid, be germane to the amended statute.   p. 563.

4. CONSTITUTIONAL LAW.—*Intoxicating Liquors.*—*Licenses.*—The act of 1897 (Acts 1897, p. 253), amending certain sections of the act of 1875 (Acts 1875 [s. s.], p. 55), and making it unlawful to retail in quantities of less than five gallons at a time, and exempting wholesalers who sell in quantities of five gallons or more at a time, is not unconstitutional as class legislation.   p. 564.

5. STATUTES.—*Amendatory.*—*Effect of, on Subsequent Conduct.*—With reference to subsequent conduct, an amendatory statute must be considered as a part of the original act at the time of the original enactment.   p. 564.

6. INTOXICATING LIQUORS.—*Wholesalers.*—*License.*—*Statutes.*—The act of 1875 (Acts 1875 [s. s.], p. 55), as amended by the act of 1897 (Acts 1897, p. 253), has no application to wholesalers who sell to retailers, jobbers or consumers in quantities of five gallons or more at a time.   p. 564.

7. SAME.—*License Law of 1875.*—*To Whom Applicable.*—The act of 1875 (Acts 1875 [s. s.], p. 55), providing that all persons desiring to retail liquors, to be used as a beverage, in quantities of less than a quart at a time, should secure a license therefor, applied only to retailers who sold to consumers.   p. 564.

8. WORDS AND PHRASES.—*"As."*—*Statutes.*—*Intoxicating Liquors.*—The word "as" in the phrase "engaged in business as a wholesale dealer," as used in §7283 Burns 1901, Acts 1897, p.

253, §3, is used in the sense of "like" or as illustrating the kind of wholesalers referred to.   p. 566.

9.   WORDS AND PHRASES. — *"Who does not sell."* — *Intoxicating Liquors.*—*Statutes.*—The clause "who does not sell," as used in §7283 Burns 1901, Acts 1897, p. 253, §3, merely defines the character of the wholesalers who are exempt from procuring a license to sell intoxicating liquors.   p. 566.

10.   SAME.—*"Wholesale Dealer."*—*Intoxicating Liquors.*—*Statutes.*—*Reference to Prior Statutes.*—In determining the meaning of the words "wholesale dealer," as used in §7283 Burns 1901, Acts 1897, p. 253, §3, the court, as an aid, will look to the use of such words in the United States statutes (20 Stat., pp. 333, 334).   p. 566.

11.   INTOXICATING LIQUORS.—*Sales of Five Gallons.*—*Delivery of Part.*—A sale of five gallons of intoxicating liquors, a part only of which is delivered at the time, or removed from the premises, is unlawful, unless the seller has a retailer's license.   p. 568.

12.   SAME.—*Sales.*—*Use of, on Premises of Seller.*—Sales by an unlicensed vendor of intoxicating liquors, in any quantity, to be used on premises under the vendor's control, are unlawful as in violation of §7285 Burns 1901, §5320 R. S. 1881.   p. 569.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Prosecution by the State of Indiana against Herman Bock. From a judgment for the defendant, the State appeals. *Affirmed.*

*Charles W. Miller,* Attorney-General, *W. C. Geake,* and *George W. Curtis,* Prosecuting Attorney, for the State.

*J. M. Vandeveer, S. L. Vandeveer, W. W. Woollen, Evans Woollen* and *Russell T. Byers,* for appellee.

JORDAN, J.—The State of Indiana, through its prosecuting attorney, commenced this action against appellee on January 3, 1906, by filing in the lower court an affidavit which, omitting the formal parts, is as follows: "That Herman Bock, on June 17, 1905, at said county and State, did then and there transact a certain business, to wit, the selling of malt liquors for the purpose of gain, and did then and there unlawfully sell five gallons of beer to Earl Reid, at and for the price of $3, he, said Herman Bock, not then

and there having a license to sell spirituous, vinous, or malt liquors under and by virtue of the laws of Indiana, and he, said Earl Reid, not then and there being a retail dealer in such liquors."

On motion of the defendant the court quashed this affidavit and rendered judgment, discharging the accused. The State appeals, and, under its assignment of errors, calls in question the decision of the court in quashing the affidavit. The affidavit in question is based on the following statutes: Acts 1875 [s. s.], p. 55, §1, as amended by the legislature in 1897 (Acts 1897, p. 253, §7276 Burns 1901), and §2345 Burns 1905, Acts 1905, pp. 584, 745, §661. These sections read as follows:

"7276. It shall be unlawful for any person, directly or indirectly, to sell, barter or give away, for any purpose of gain, any spirituous, vinous, or malt liquors without first procuring from the board of commissioners of the county in which such liquor is to be sold, a license as hereinafter provided; nor shall any person, without having first procured such license, sell or barter any intoxicating liquor to be drunk, or suffered to be drunk, in his house, outhouse, yard, garden, or the appurtenances thereto belonging."

"2345. Whoever, by himself or agent, transacts any business or does any act without a license therefor, when such license is required by any law of this State, shall, on conviction, be fined not less than $5 nor more than $200." Section 7276, supra, prior to its amendment, was section one of the liquor license law of 1875, which is entitled: "An act to regulate and license the sale of spirituous, vinous and malt and other intoxicating liquors," etc. (Acts 1875 [s. s.], p. 55). Section one, together with sections five and seven of the latter act, was amended by the act of 1897, supra, and the three sections as amended now constitute §§7276, 7281, 7283 Burns 1901. Section one of the act of 1875, as originally enacted, made it unlawful "for any

person or persons to directly or indirectly sell, barter or give away for any purpose of gain, any spirituous, vinous or malt liquors, in less quantities than a quart at a time, without first procuring, from the board of commissioners of the county in which such liquor or liquors are to be sold, a license," as thereinafter provided. Under the section as now amended the clause "in less quantities than a quart at a time" is omitted. Section seven of the statute of 1875 as amended reads as follows: "Upon the execution of the bond required in the fourth section of this act, being §5315 of the revised statutes of 1881, the presentation of the order of the board of commissioners, granting him license, and the county treasurer's receipt for $100, the county auditor shall issue a license to the applicant for the sale of such liquors as he applied for, with the privilege of permitting the same to be drunk on the premises as stated in the aforesaid notice, which license shall specify the name of the applicant, the place of sale, and the period of time for which such license is granted: *Provided, that none of the provisions of this act shall apply to any person engaged in business as a wholesale dealer, who does not sell in less quantities than five gallons at a time."* (Our italics.)

Section twelve of the act of 1875 (§7285 Burns 1901) provides the penalty which shall be inflicted against any person not licensed according to the provisions of the act who sells intoxicating liquors in less quantities than a quart at a time, or who sells such liquors in any quantity to be drunk on the premises where sold. This section was not changed by the amendment of 1897. Therefore, we held in *Daniels v. State* (1898), 150 Ind. 348, that by the act of 1875 as amended no penalty was prescribed for selling without a license intoxicating liquors in a quantity of a quart or over at a time, but that the punishment for such a sale was an infliction of the penalty provided by §2186 Burns 1901, §2090 R. S. 1881. This same

section, with a slight or immaterial change, was reënacted by the legislature of 1905, and is §2345, *supra.*

Counsel for the State insist that this appeal presents a novel question. It is their contention that the person contemplated or intended by the legislature in the proviso in section seven as amended—which declares "that none of the provisions of this act shall apply to any person engaged in business as a wholesale dealer, who does not sell in less quantities than five gallons at a time"—was a *bona fide* wholesale dealer in all that that term implies, and was not any person who may choose to call himself a wholesale dealer and sell intoxicating liquors to consumers in lots of five gallons at a time. They assert that it was evidently the intention of the legislature in framing this statute to require every person who sold any amount of liquor to a consumer to have a license, excepting only a person engaged in business as a wholesale dealer. They contend that a person is not a wholesale dealer within the meaning of this law because he sells five gallons at a time to a consumer, but, as they insist, "he must be a *bona fide* wholesale dealer, engaged in selling to retailers, and then he, under the law, can as such wholesaler sell not less than five gallons at a time." As hereinafter more fully shown, the purpose and object of the liquor law of 1875, as originally enacted, was to regulate and restrict the traffic in intoxicating liquors to consumers and had no application to sales made by a wholesale dealer to retailers or jobbers. As an answer to the above contention of counsel for the State, it may be said that, if the proviso in section seven as amended contemplates only sales of intoxicating liquors of the quantity specified by a wholesale dealer to a retailer and does not apply or embrace sales made by a wholesaler to consumers, then the proviso would not be germane to or within the purview of the statute amended, and therefore would be of no avail. There are no grounds to support counsel's insistence.

Counsel for appellee, in addition to the argument to establish the insufficiency of the affidavit, assail the validity of the amendatory act of 1897, *supra.* It is insisted that it is violative of §1, article 14, of the federal Constitution, and §23 of our bill of rights (Const., Art. 1, §23). Under the construction which this court accorded the amendatory act in question in *Daniels* v. *State, supra,* the constitutional validity thereof was, over the same objections, sustained, and, as we still adhere to that construction, it follows that the question in regard to the validity of this law may be dismissed without further consideration.

In determining the question here involved, the statute of 1875, as now amended, must be considered in regard to matters occurring thereafter as if the provisions inserted therein by the amendment formed a part thereof at the time it was originally enacted. *Cain* v. *Allen* (1907), 168 Ind. —.

By the positive terms of the proviso in section seven, *supra,* as amended, none of the provisions of the statute is in any manner applicable to "any person engaged in business as a wholesale dealer, who does not sell in less quantities than five gallons at a time." All such persons are exempt from the requirement of procuring a license to sell in such quantity.

It is manifest that under the provisions of the act of 1875, as originally enacted, the intention of the legislature was to limit the requirement of a license to those persons who sold to consumers, in a less quantity than a quart at a time, intoxicating liquors to be drank as a beverage. But the provisions of our liquor license statute, as it formerly stood, have been so changed by the amendatory act in question as to make unlawful all sales of intoxicating liquors made by an unlicensed person, saving and excepting only those to whom the provisions of

the act as declared by the proviso in controversy do not apply. *Daniels* v. *State, supra.*

This court, in the case last cited, in considering the trend of the laws of this State regulating the traffic of intoxicating liquors, asserted that at no time did these laws apply to the traffic as between the manufacturer, the wholesale dealer, or the jobber, and the retail dealer. The court, in that appeal, further said on page 360: "All legislation has been directed to restricting and controlling sales to consumers. * * * The license features of existing laws have not even a remote application to sales by the brewer, distiller, or the wholesale dealer to the retail dealer. If they did apply, the brewer, before selling and delivering less than five gallons of beer or ale to the saloon-keeper, would be required to procure a license authorizing him to sell beer or ale by the drink for consumption upon the premises, and would be subject to all of the restrictions with reference to location of business, screens, etc., as applied to the saloon. The same would be true with reference to distillers and others who make sales to retail dealers. The scope of our laws upon the subject, we have no doubt, includes only such dealers as sell to consumers, and must be construed with reference to such class or classes. If the brewer, the distiller, the druggist, or the wholesale dealer, selling less than five gallons at a time, desires to sell to the consumer, he must procure a license just as the retail dealer, the 'quart shop' or the 'jug house' is required to do." The question necessarily arises, is there such an absence of a definition in the act in controversy in respect to what is intended by the clause "engaged in business as a wholesale dealer" that we are required to look beyond the statute and examine standard dictionaries and other authorities in order to discover in what meaning or sense the legislature employed the clause in controversy?

It will be observed that the language of the clause in question is "engaged in business *as a wholesale dealer.*"

(Our italics.) The word "as" is manifestly employed by way of example as illustrating the kind or character of the wholesale dealer referred to or intended. As disclosed by the plain language of the statute, he is not one who limits his sales to not less than ten gallons or a barrel at a time, but is one who does not sell in quantities less than five gallons at a time. By the clause "who does not sell," etc., the legislature evidently intended to define or point out the kind or character of a wholesale dealer who should be exempt from procuring a license to sell intoxicating liquors to a consumer. Consequently such a dealer must be regarded as a wholesale dealer and not a retailer. *Daniels* v. *State, supra.*

In the appeal of *Bishop* v. *State, ex rel.* (1898), 149 Ind. 223, 39 L. R. A. 278, 63 Am. St. 279, the question involved was in respect to the meaning or signification of the term "deputy postmaster," as used in §9, article 2, of the state Constitution. In order to ascertain the meaning of this term we properly resorted to an examination of the postal laws of the United States passed prior to the adoption of our Constitution. In the solution of the question much force was given to these laws in respect to the meaning in which the term in question was therein employed. In this appeal we may also properly look to acts passed by congress and in force at the time of the passage of the amendatory act in controversy, wherein wholesale and retail dealers of intoxicating liquors are defined, in order to discover the sense or meaning which the legislature intended should be given to the clause "who does not sell in less quantities than five gallons at a time." By the provisions of section eighteen of a statute enacted by congress in February, 1875, as amended by section four of an act of March 1, 1879 (20 Stat., pp. 333, 334), a retail dealer of intoxicating liquors is required to pay a tax of $25 and a wholesale dealer is required to pay $100. This statute defines a retail and wholesale dealer as follows:

"Every person who sells, or offers for sale, foreign or domestic distilled spirits, wines, or malt liquors, otherwise than as hereafter provided, in less quantities than five wine-gallons at the same time, shall be regarded as a retail dealer in liquors," and "Every person who sells, or offers for sale, foreign or domestic distilled spirits, wines, or malt liquors, otherwise than as hereafter provided, in quantities of not less than five wine-gallons at the same time, shall be regarded as a wholesale liquor dealer." It is further provided that "retail dealers in malt liquors shall pay $20. Every person who sells or offers for sale malt liquors in less quantities than five gallons at one time, but who does not deal in spirituous liquors, shall be regarded as a retail dealer in malt liquors. Wholesale dealers in malt liquors shall pay $50. Every person who sells or offers for sale malt liquors in quantities of not less than five gallons at one time, but who does not deal in spirituous liquors at wholesale, shall be regarded as a wholesale dealer in malt liquors."

We may properly assume that the legislature, in enacting the provisions of the statute in question, in virtually the same language as that employed in the foregoing mentioned act of congress, had in mind the definition of a wholesale dealer as therein declared, and desired to bring the statute in question in harmony therewith. In reason, it may be assumed that if the legislature did not intend to make the quantity of liquor sold at a time the test for determining the character or kind of a wholesale dealer to which it referred, it would have merely declared or provided, in effect, that none of the provisions of the act should be applicable to a person engaged in business as a wholesale dealer, without emphasizing its intention by the words "who does not sell in less quantities than five gallons at a time." This view is consistent with the interpretation accorded the statute in *Daniels* v. *State, supra.* The court in that case said at page 362: "As we have construed the law, every one who desires to sell to consumers must take out the license

required, unless he shall desire to sell in quantities of five gallons or more, in which event no license is required. As between those who can have a license there is no opportunity for discrimination. Whether he is a druggist, a brewer, distiller, or other manufacturer or dealer, if he sells in quantities of five gallons or more he is a wholesale dealer, and if he sells to consumers, in quantities less than five gallons at a time, he is required to take out a license." See, also, *Cahill* v. *State* (1905), 36 Ind. App. 507; *State* v. *Kiley* (1905), 36 Ind. App. 513.

Counsel for the State say that by the provisions of the amendatory act of 1897 the legislature "intended to do away with the sale of intoxicating liquors by the so-called 'quart shops'." This assertion we think may be conceded as true, and it may be said that by the provisions of the amendatory act the legislative purpose of eliminating illegal liquor shops or places, as formerly conducted, has been successfully consummated. All that is necessary is to enforce the law as enacted. Manifestly the same facilities or opportunities which were formerly afforded for violating our liquor laws by persons selling by the quart are not afforded to the unlicensed dealer who, under the law as amended, is prohibited from selling to the consumer less than five gallons of intoxicating liquors at a time. It may properly be said that the very intent or spirit of the amendatory statute—which intent or spirit, in effect, is the same as if it were within the express letter thereof (*Conn* v. *Board, etc.* [1898], 151 Ind. 517)—contemplates that sales of five gallons or over at a time made by the unlicensed dealer shall be *bona fide* and that the liquors sold must be actually delivered at the time of sale and removed from the premises where sold. They cannot be permitted to remain on such premises and a part thereof removed or delivered at one time and a part at another, for, in view of the approved decisions of this court, the unlicensed seller would be liable to a prosecution for selling

intoxicating liquors in a quantity less than five gallons at a time. *Murphy* v. *State* (1849), 1 Ind. *366; *Weireter*·v. *State* (1879), 69 Ind. 269.

The sale of any quantity of intoxicating liquors by an unlicensed dealer, to be drank on the premises where sold, or on premises which are owned or used by the seller, or under his control, is a violation of the law as it now stands, and subjects the offender, on conviction, to the penalties prescribed by §7285 Burns 1901, §5320 R. S. 1881. The rule asserted in *Shields* v. *State* (1884), 95 Ind. 299, *Stout* v. *State* (1884), 93 Ind. 150, and *Stockwell* v. *State* (1882), 85 Ind. 522, is applicable to such sales by an unlicensed dealer.

It follows from the conclusion which we have reached that the affidavit herein is fatally defective, for the reason that the quantity of liquors alleged to have been sold by appellee was not less than five gallons. The motion to quash was, therefore, properly sustained, and the judgment of the lower court is affirmed.