STATE EX REL. NICELY *v.* WILDEY ET AL.

[No. 26,595.  Filed October 25, 1935.]

*Montgomery & Montgomery,* for appellant.

*Schnaitter & Perry,* for appellees.

FANSLER, J.—This is an original action for a writ of prohibition. On the filing of the petition an alternative writ issued.

It appears from the petition that the relatrix was in June, 1931, appointed township trustee to fill a vacancy for the remainder of a term ending January 7, 1935; that she qualified and took possession of the office; that at the general election in November, 1934, the relatrix was a candidate for re-election, and that the respondent Wildey was also a candidate; that the board of election canvassers declared the respondent Wildey had received more votes for the office than relatrix; that relatrix filed an action to contest the result as declared by the canvassers; that she filed her official bond for the new term, which was approved, took the oath of office, and has continued in possession of the office as trustee; that upon the filing of her complaint, respondent Wildey answered, a trial was had, and, on the 29th day of May, 1935, there was a finding and judgment in favor of the contestee and against the relatrix. Relatrix filed a motion for a new trial, and, upon the overruling of the motion, prayed an appeal to this court, and, within thirty days, filed an appeal bond, payable to respondent Wildey, in the sum of $3,000, which was approved by the court, binding her to pay to the respondent the emoluments of the office during the pendency of the appeal, and conditioned in accordance with section 8 of chapter 242, Acts of 1933, page 1102. On the 6th day of July, 1935, she filed in this court a certified transcript of the proceedings below, together with an assignment of errors, perfecting her appeal.

It is further alleged that thereafter the respondent Wildey commenced an action in the Jennings Circuit Court to compel her to deliver possession of the office

of trustee to him, because of the certificate of election issued to him by the board of canvassers, and because of the certificate of the recount commission showing that he received a majority of the votes; that a trial was had, mandating the relatrix to surrender the office of trustee to the respondent Wildey, and that, if not prohibited and enjoined from so doing by this court, the respondents will compel the relatrix to surrender possession of the office. A writ is prayed prohibiting the respondents from taking further action under the judgment of mandate or otherwise to compel her to surrender possession.

Section 8 of the statute above referred to provides that if the losing party in an election contest appeals from the judgment of the trial court, and such appellant be in possession of the contested office, and shall execute an appeal bond to the approval of the court, sufficient to cover the emoluments of the office, within thirty days from the date of the judgment, his rights in the office will not be disturbed pending the appeal. The respondent court in rendering judgment in the action for mandate proceeded upon the theory that section 8 of the act of 1933 above referred to is no longer a part of the statutes, but was repealed by amendment by the legislature of 1935. Chapter 82 of the Acts of 1935 (p. 238) is entitled "An Act to amend sections 1, 2, 3, 4, 6, 7, and 8, and the title of an act entitled 'An Act relating to the contest of general and primary elections for district, county, township and municipal offices,' approved March 11, 1933." Section 7 of the act is as follows:

"Sec. 7. That section 8 of the above entitled act be amended to read as follows: Sec. 8. Where the contest involves the election of the judge of the court in which such petition of contest is filed, and the regular

judge of such court shall be a party to such proceeding, then, whether such petition of contest is now pending or hereafter commenced, such regular judge shall be disqualified to act in any way in said cause and shall, within three days after the filing of such petition of contest, certify the fact of his disqualification to act in such cause to the governor, who shall thereupon appoint a special judge to try such cause and, if in any such proceeding now pending or hereafter commenced, a judgment of such court, in which the regular judge is a party to the proceeding, has been rendered, decreeing the contestor or the contestee to have received the greatest number of votes and to have been elected to such office, whether such decree or judgment was or is rendered by the regular judge of such court or by a special judge selected from names submitted by such regular judge and thereafter qualified, the regular judge of such court and any such special judge shall be disqualified to act further in said cause and to pass upon any motion for a new trial which may be filed therein by either of the parties to the proceeding, and shall, within three days after the passing of this act, certify such fact of disqualification to the governor who shall appoint a special judge to try and hear all further proceedings in said cause, and in the event the regular judge of the court or any such special judge, so disqualified, shall fail or refuse to certify the fact of his disqualification to the governor within the time herein provided, then such fact shall be certified to the governor by the clerk of the court."

It will be noted that all reference to a stay of execution or the filing of an appeal bond is eliminated by this amendment. "An amendment of a section of a law 'to read as follows' operates to repeal all of the section amended not embraced in the amend-

ed section of the law. Lewis' Sutherland, Statutory Construction (2d ed.), §337." *Smith* v. *State* (1924), 194 Ind. 686, 688, 144 N. E. 471.

The relatrix contends that, since the amended section 8 deals with a different subject and is not germane to the subject of the section sought to be amended, it is unconstitutional and ineffective, and that therefore the original section 8 is still in force. It is not contended, however, that the subject-matter of the new section 8 is not within the title of the act. As authority for her position, relatrix cites *State* v. *Bock* (1906), 167 Ind. 559, 79 N. E. 493, and *McCleary* v. *Babcock* (1907), 169 Ind. 228, 82 N. E. 453. These authorities do not, however, support the contention. The legislature may repeal any or all of a given statute, or it may amend by substituting sections which differ entirely from the original, so long as the amended sections are germane to the subject-matter of the entire statute as expressed in the title. The original section 8 was therefore repealed, and the statute must be treated as though the amended section had been contained therein from the beginning. The amendment was effective before the judgment in the election contest. Our attention has not been called to any other statute or law providing for a stay of execution pending appeal, nor is any statute pointed to which would authorize the one in possession to hold office, nothwithstanding an adverse judgment, except section 8 above referred to which is no longer in force.

Section 6 of the act, as amended by section 5 of the act of 1935, provides that the one who is certified by the recount commission to have received the highest number of votes shall be entitled to possession of the office, and provides for an action in mandate to enforce the vacation of the office by the

occupant. It is clearly contemplated that the one receiving the certificate of the recount commission shall occupy the office pending the judicial determination of the contest. If the respondent Wildey had begun his action in mandate before judgment in the contest proceeding, and had been put in possession of the office, he would have been entitled to continue in possession pending an appeal, even though the relatrix would have been entitled to a stay of execution pending appeal. If the respondent was entitled to possession of the office by virtue of the certificate of the recount commission before judgment in his favor in the contest proceeding, his right to possession cannot be less because of the favorable judgment, and no reason is apparent why he may not maintain an action in mandate after the judgment in his favor as well as before judgment.

In *State ex rel. Youngblood* v. *Warrick Circuit Court* (1935), 208 Ind. 594, 196 N. E. 254, section 7 of the act of 1935 was held unconstitutional "insofar as it seeks to remove, or disqualify, etc., the special judge who tried the case," and "inoperative and ineffective to vest jurisdiction in any other judge." No other question was before this court in that case, and no other constitutional objection to that section of the statute is now pointed out, and, as we are presently advised, the section is otherwise constitutional.

In the respondent's brief it is contended that "elections belong to the *Political Branch* of the government and are beyond the control of the judicial power"; and that "there is no inherent power in the Courts to pass upon the validity of elections"; that "the legislature could eliminate the right to appeal an election contest and be wholly within the Constitution of this State as the right to appeal is statutory and may be done away with, the only restriction

being that appeals cannot all be taken away or the right to appeal denied in *all* cases." It may well be doubted whether the propositions quoted can be unqualifiedly supported. The Constitution provides for appeals and writs of error. The statutory appeal provided for by our Practice Code covers the equity appeal well known to the practice at the time our Constitution was adopted, and to some extent at least provides for a review such as was had upon writ of error at common law. There seems to be no statute abolishing writs of error or seeking to limit the jurisdiction of this court in respect to such writs, and whether the writ has been, or can be, abolished does not seem to have been decided. Whether the statements in our decisions to the effect that an appeal cannot be denied by the legislature in *all* cases is limited in its application to appeals as they were understood before the Constitution, whether the term was intended to include writs of error, or whether it means that the legislature may deny appeals in any and every case that it sees fit, so long as it is not denied in *all* cases, we need not decide in determining the questions here presented. We are clear, however, that elections do not "belong to the *political branch* of the government," if by that term is meant the legislative branch of the government. Elections belong to the sovereign people. The qualifications of electors and other matters concerning elections are prescribed by the Constitution. The legislature may set up machinery for the conduct of elections, and delegate to ministerial or executive agencies the duty of conducting elections, and may prescribe the procedure by which elections may be contested, so long as they stay within their constitutional powers, and such procedure conforms to the law, such steps and procedure will be governed by the legislative

rules prescribed. But courts have inherent power to protect the sovereign people, and those who are candidates for office or claiming title to or rights in an office, from fraud or unlawfulness, and to confine the legislature within constitutional limits in its control of elections. The statutory procedure for the contest of an election provides a remedy, which is merely cumulative, and it has often been held by this court that it is proper to try title to an office by *quo warranto*, even where a statutory method is prescribed. *State ex rel. Waymire* v. *Shay* (1885), 101 Ind. 36; *State ex rel. Morley* v. *Gallagher* (1882), 81 Ind. 558; *State ex rel. Julian* v. *Adams* (1879), 65 Ind. 392; *Reynolds* v. *State ex rel. Titus* (1878), 61 Ind. 393; *Huddleston* v. *Pearson* (1855), 6 Ind. 337; *Barkwell* v. *State ex rel. Robinson* (1853), 4 Ind. 179. It cannot be doubted, however, that the legislature has power to provide that the person who receives the certificate of the recount commission, a ministerial body, shall be entitled to possession of the office pending a judicial determination of the result of the election. Neither can it be doubted that the legislature has full power to provide that the person holding the certificate of the recount commission may be placed in possession of the office by the mandate of a court pending the judicial determination of the contest.

The relatrix insists that in the trial of the action for mandate the trial court refused to hear evidence tending to support certain answers alleging facts which it is claimed are a defense to the action.

The trial court had jurisdiction of the subject-matter and of the person of the relatrix. If the court, in the exercise of its judicial discretion, refused to hear competent evidence, it is error, and the remedy is by

appeal. The respondent court had full jurisdiction to render and enforce a judgment of mandate.

The temporary writ heretofore issued is dissolved, and the petition denied.