## HIPES v. THE STATE.

[NO. 2,306.    Filed November 3, 1897.]

INTOXICATING LIQUORS.—*Indictment.*—*Nicholson Law.*—*Statute Construed.*—An indictment under section 4 of the act of March 11, 1895 (Acts 1895, p. 250), which charges that defendant holding a license to sell intoxicating liquors occupied a room for the sale of such intoxicating liquors which did not front a street or highway, as in said act provided, is insufficient without charging that liquor was sold in such room.

From the Henry Circuit Court.    *Reversed.*

*S. H. Brown, James Brown* and *W. A. Brown,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores* and *Frank E. Beach,* for State.

ROBINSON, J.—Appellant was convicted of a violation of section 4 of the act of March 11, 1895. Acts 1895, p. 250, section 5323d, Horner's R. S. 1896.

The statute provides that "Any room where intoxicating liquors are sold by virtue of a license issued under the law of the State of Indiana, for the sale of spirituous, vinous, malt or other intoxicating liquors in less quantities than a quart at a time, with permission to drink the same on the premises, shall be situated upon the ground floor or basement of the building where the same are sold, and in a room fronting the street or highway upon which such building is situated, and said room shall be so arranged, either with window or glass door, as that the whole of said room may be in view from the street or highway, and no blinds, screens or obstructions to the view shall be arranged, erected or placed so as to prevent the entire view of said room from the street or highway upon which the same is situated during such days and hours when the sales of such liquors are prohibited by law. Upon conviction," etc.

The indictment charges that on the 24th day of August, 1895, appellant "was then and there, and during all of said time, a person holding a license issued under the law of the State of Indiana, empowering him to sell spirituous, vinous, malt and other intoxicating liquors in less quantities than a quart at a time with permission to drink the same upon the premises where sold, and did then and there, and during all of said time, occupy a room for the sale of said intoxicating liquors in manner aforesaid, not then and there fronting the street or highway upon which the building of which said room formed a part, is situated, contrary to the form," etc.

It is argued that the motion to quash the indictment should have been sustained for the reason that a person is not liable for a violation of the provisions of the above section unless he actually sells liquor in a room not located and arranged as provided by the section.

We think appellant's contention must prevail. The offense is not complete when a person has received his license to sell liquor and has opened a room for that purpose not located as the law provides. The statute is intended to prevent the sale of liquors in a room not located as provided in the statute. Until liquors are sold in such a room no offense has been committed. The indictment should show that liquors were sold in the particular room. The statute provides that "any room where intoxicating liquors are sold  *  *  * shall be situated upon the ground floor or basement of the building where the same are sold," etc., not "where the same are to be sold." This fact distinguishes this case from those cases in which it is held that under a statute making it a misdemeanor for any person to keep a building to be used for gaming, it is not necessary to charge in the indictment that gambling had actually taken place.

The purpose of this statute is to regulate the sale of intoxicating liquor, and although a person may hold a license to sell, and have a stock of liquors in a room not located as required, yet, until he makes a sale in such room, he has not violated the statute. It would not be necessary in an indictment in such case to show a sale to any particular person or persons, but it should show that liquors were actually sold in such room.

The motion to quash should have been sustained.

Judgment reversed.

Henley, J., absent.