## BALTIMORE AND OHIO AND CHICAGO RAILROAD COMPANY *v.* TOWN OF WHITING ET AL.

[No. 4,417.   Filed December 17, 1902.]

HIGHWAYS.—*Not Opened Within Six Years.*—*Incorporation in Town.*—*Effect.*—The provision of §6759 Burns 1901, that "Every public highway already laid out or which may hereafter be laid out and which shall not be opened and used within six years from the time of its being laid out, shall cease to be a highway for any purpose whatever" does not apply where the land over which the highway was laid was included in the corporate limits of a town during the life of a judgment establishing the highway; since the incorporation took the highway from the operation of the limitation of the statute and made it a street, and it thereby came within the exception of the statute "nor shall this section be applied to streets and alleys in any town."

From Lake Circuit Court; *J. H. Gillett,* Judge.

Action by the Baltimore & Ohio & Chicago Railroad Company against the town of Whiting and others. From a judgment for defendants, plaintiff appeals.   *Affirmed.*

*J. H. Collins* and *T. J. Wood,* for appellant.
*F. N. Gavit,* for appellees.

Baltimore, etc., R. Co. v. Town of Whiting.

HENLEY, J.—This was an action commenced by appellant against the town of Whiting for damages, and for an order enjoining it from unlawfully taking, holding, and occupying for a public street a strip of land owned by appellant and used for a right of way. The strip of land was eighty feet long and sixty feet wide, and was within the corporate limits of the town of Whiting in Lake county, Indiana.

The complaint was in one paragraph, and avers that the appellant is the owner in fee of the land in controversy; that the town of Whiting is an incorporated town, having been incorporated in the year 1895; that said town was claiming the right to open a street across appellant's right of way, and across the land in question; that the land in controversy, and which was claimed by the said town as a street, had been continuously in appellant's possession, and used by it as a part of its right of way for more than twenty years; that there never had been any street on appellant's said right of way and said land, and that the street as claimed by said town had never been laid out by resolution or ordinance, or opened or worked as a street of said town; that the said town, through its trustees and marshal, did on the 15th day of June, 1901, tear down appellant's fences and enter upon its said land, and did then and there unlawfully dig up the said land, and are threatening to level and grade a permanent street through appellant's right of way, and thereby deprive appellant of the ownership of said land, and do irreparable damage to its said real estate.

Appellees answered the general denial. The court made a special finding of facts and stated its conclusions of law thereon, to each of which appellant excepted. The exception to each conclusion of law furnishes the question to be decided in this appeal. The special finding of facts shows that the board of commissioners of Lake county, on the 10th day of June, 1892, after the proper proceedings had been taken leading up to it, ordered and established a highway

on the land described in appellant's complaint; that no damages were claimed by appellant or allowed to it for its land so taken.

The special finding sets out in full the proceedings before the board of commissioners by which the highway was established. It was further found that the town of Whiting was on the 8th day of October, 1896, incorporated under the general laws for the incorporation of towns, and that the land described in appellant's complaint is within the corporate limits of said town; that at the time of the filing of the petition for said highway appellant was the owner of the fee by purchase of a strip of its right of way sixty feet long, and included within the limits of said highway as established; that no other proceedings were ever taken or had before the said board of commissioners for the establishment of a highway on said land, except as set out in the finding aforesaid, and that no action was ever taken or proceedings had by the town of Whiting to locate and establish the street on the lines included within said description in the petition for a highway, as prayed for before the board of commissioners of said county; that no highway was ever opened or used by the public under said petition and order before said board of commissioners before the incorporation of said town of Whiting; that during the year 1899, said town, claiming a right to said strip by virtue of the record of said board of commissioners, opened a street to the south line of the right of way of appellant and called the same Sheridan avenue, the lines of said avenue up to said appellant's right of way coinciding with the lines of the highway established by said board of commissioners; that the town of Whiting has never by any proceeding, resolution, ordinance, or otherwise, attempted to open said highway upon the right of way of appellant and makes no claim of any right thereon, except through said proceedings before the board of commissioners hertofore set out; that the highway north of the south line of appellant's right of way and covering appel-

Baltimore, etc., R. Co. *v*. Town of Whiting.

lant's land described in its complaint, was not opened or
used within six years after the time said highway was estab-
lished by the order of the board of commissioners of Lake
county; that the said town of Whiting, appellee, without
any claim of right other than as is shown by proceedings be-
fore said board of commissioners, did on the 18th day of
June, 1901, without the consent of the appellant, enter upon
appellant's land and right of way, where the same is crossed
by the said highway, as established by said board of com-
missioners, and with teams and tools began to remove soil,
and to grade and excavate upon appellant's land, within the
limits of said highway, for the purpose of opening and im-
proving the same as a street, and continued said work until
served with a restraining order, under a claim of opening
a public street thereon, and threaten to continue to work
thereon and to occupy permanently said land for a public
street for said town, and without offering to compensate ap-
pellant for said land so taken; that the land so taken is of
the value of $2,500; that appellant has been damaged by
reason of injuring its fences and grading and digging up its
right of way in the sum of $50.  Upon the facts so found,
the court stated its conclusions of law to be that appellee
the town of Whiting had the right to open said street upon
appellant's land and right of way, through and by virtue
of the order of the board of commissioners of Lake county,
and that such right was not barred by the statute of limita-
tions, and that appellant is not entitled to recover damages
for appellees' acts in opening and laying out said street.

The question in the case depends upon the construction
to be given to §6759 Burns 1901, which is as follows:
"Every public highway already laid out, or which may here-
after be laid out, and which shall not be opened and used
within six years from the time of its being so laid out, shall
cease to be a highway for any purpose whatever; but if any
distinct part thereof shall have been opened and used within
six years, such part shall not be affected by the provisions of

this section, nor shall this section be applied to streets and alleys in any town."

In *Decker* v. *Washburn,* 8 Ind. App. 673, this court, in speaking of the above statute, said: "We think the provisions of this statute are too plain to be misunderstood. The words 'laid out' doubtless mean established, surveyed, declared a road.   \*   \*   \*   A highway has been 'laid out,'— that is to say, it has been established and declared to be a highway by the judgment of the court. But it has not been opened or used within six years from the time it was laid out. It has therefore ceased to be a highway altogether, and the former judgment of the court, by virtue of which it was laid out, at the expiration of six years from the date of its rendition, became *functus officio."*

A highway which has been established by a judgment of the board of commissioners of a county remains a highway, whether opened or not, during the life of the judgment establishing it. The limitation is fixed by the statute at six years. Such was the condition of the highway in the case at bar. It was an established highway, although unopened, when the land over which it was laid was included in the corporate limits of the town of Whiting. It at once became one of the streets of the town, as fully as if it had been at the time of the incorporation a much used highway. The town took the highway from the operation of the limitation of the statute when it was yet alive, and made it a street; and it thereby came within the exception, "nor shall this section be applied to streets and alleys in any town."

There is no error.   Judgment affirmed.