## LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY v. TOWN OF WHITING ET AL.

[No. 19,734.   Filed June 16, 1903.]

HIGHWAYS.—*Delay in Opening.*—*Annexation of Territory to Town.*— *Streets.*—Three years after a highway was established, and before it was opened, the territory through which the highway passed was annexed to a municipality. *Held*, that by such annexation the highway became a street, and was no longer subject to the provisions of §6759 Burns 1901, that a highway not opened and used within six years shall cease to be a highway. *pp. 77–79.*

SAME.—*Waiver of Damages.*—Where a highway was established, but before it was opened the territory through which it was to pass was annexed to a municipality, a waiver of damages by an abutting landowner at the time of the establishment precluded such owner from claiming damages for the new and different servitude of a street. *p. 79.*

From Lake Circuit Court; *J. H. Gillett,* Judge.

Injunction by the Lake Shore & Michigan Southern Railway Company against the town of Whiting and others. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*C. W. Miller, J. S. Drake* and *S. C. Hubbell,* for appellant.

*F. N. Gavit,* for appellees.

Hadley, J.—Suit by appellant to enjoin the appellees from opening and grading a street across its right of way.

Relating to highways, §6759 Burns 1901 provides as follows: "Every public highway already laid out, or which may hereafter be laid out, and which shall not be opened and used within six years from the time of its being so laid out, shall cease to be a highway for any purpose whatever; but if any distinct part thereof shall have been opened and used within six years, such part shall not be affected by the provisions of this section, nor shall this section be applied to streets and alleys in any town."

The single question presented by the record is whether under this statute a public highway, duly established, but not opened and used, in territory which three years after it was laid out passes within the corporate limits of a town, becomes a street of the town, in a sense to carry it out of the operation of said six years' limitation.

The material facts shown by the special finding are these: "On June 10, 1892, the commissioners of Lake county duly established and ordered opened a public highway on the lands in dispute. No damages were claimed or allowed to appellant for its land taken thereby. On October 8, 1895, the town of Whiting was incorporated, said incorporation extending over and embracing the territory of which the lands in dispute were a part. No highway had ever been opened or used by the public on said lands before the incorporation of Whiting. No action was ever taken by the town of Whiting to locate and establish a street on said line, but in June, 1899, the town, claiming the right to a street on said ground by virtue of the order of the board of commissioners, entered upon said land and tore away appellant's fences maintained along its right of way for fifteen years, and, with men and teams, commenced the work of opening and improving the same, as described in the order of the commissioners, as a public street, and as an extension of Sheridan avenue. The highway ordered

opened by the county commissioners in June, 1892, was not opened or used within six years, nor attempted prior to the acts here complained of.

Upon the facts found, the court concluded, as a matter of law, that appellees had legal authority to occupy said ground and open and improve the same as a public street of the town. The correctness of this conclusion is assigned as error.

When, under our laws, a district creates a town corporation, all superior governmental agencies yield to the town the right of local control, subject to the State supervision, including the right to lay out, open, grade, improve, and keep in repair, and to vacate highways or streets within the incorporated district. In accepting this power the corporation impliedly accepts the obligation to exercise it for the benefit of its own inhabitants, and not in derogation of the rights of the general public. So it may be said that in accepting municipal control of property, which at the time of acceptance is impressed with the right of the general public to a highway over the territory, the public will not forfeit its rights to the highway by the town's assumption of jurisdiction over it. The highway, or right to a highway, will continue to exist in the public until extinguished in some manner provided by law. Elliott, Roads & Sts. (2d ed.), §116; Brown v. Hines, 16 Ind. App. 1.

The act of incorporation changes the character of its highways from rural roads to streets and alleys, and attaches to them such modified rights, conditions, and attributes as the law itself fixes upon them. In this case, when appellee town was set up, the public had a vested right to a highway across its territory. The right was awarded, and the highway established by metes and bounds, by the proper tribunal in a legal proceeding of which all persons affected had notice. The highway was not open for use, but the right to open it existed, and would have continued in the township for three years, but for the transfer of jurisdic-

tion to the town. So when the town was organized and accepted control and management of the public ways within its limits, the strip of ground in controversy was a live, subsisting, established highway, which by operation of law, *eo instanti,* lost its character as a country road and became endowed with the qualities of a street regularly ordained, subject to the laws governing streets and alleys. The general public, by the township trustee, could not enter the corporation and open the highway; and to rule that the right to open it remains subject to the laws governing rural roads, is to hold that a right of the general public, guaranteed by the statute, may be defeated by the laches or design of the municipal authorities. Such could not have been the purpose of the legislature. Besides, we can perceive no reason why the lawmakers would intend to make a distinction, with respect to the time of opening, between public ways of a town established by the county commissioners and those established by the corporation trustees. See *Baltimore, etc., R. Co.* v. *Town of Whiting,* 30 Ind. App. 182.

Appellant claims that the servitude of a rural highway being different and much less burdensome than the servitude of a street, which subjects abutting property to municipal assessments, the fact that it did not claim or receive damages on account of the road will not preclude it from the right to damages for the new and different servitude. Like other persons, appellant was required to take notice of the laws of the State, and of the uses to which the highways may be legally put. Therefore, when it had notice of the proposition pending before the county commissioners to establish a highway across its property, it was bound to know that the damages accruing and demandable on account of the same embraced all the ordinary uses to which highways are liable to be subjected, including transformation into a street of a town or city, and its waiver of damages was effectual as against any subsequent

ordinary use of the way. Besides, special assessments proceed upon the theory of special benefits.

We conclude that the circuit court did not err in its conclusions of law. Judgment affirmed.

Gillett, J., did not participate in the decision of this case.