State *v.* Harrison.

## THE STATE *v.* HARRISON.

[No. 20,195.   Filed April 29, 1904.]

INTOXICATING LIQUORS.—*Alley Saloons.*—*Nicholson Law.*—Alleys sixteen and a half feet wide, paved with bricks, and without sidewalks, running at right angles through a city block, and intersecting each other at the center of said block, are not streets nor highways within the meaning of the provisions of §7283d Burns 1901 that any room where intoxicating liquors are sold in less quantities than a quart, to be drank upon the premises, shall front a street or highway and be so arranged that the whole of said room may be in view from the street or highway, though such ways, on petition of the abutting property owners, were designated by the common council as streets. *pp. 543, 546.*

SAME.—*Location of Saloon.*—*License Does Not Adjudicate.*—The granting of a license to sell intoxicating liquors does not adjudicate that the room described in the application is located on a street as required by §7283d Burns 1901. *pp. 546, 547.*

From Hamilton Circuit Court; *J. F. Neal,* Judge.

James E. Harrison was tried and acquitted on the charge of selling intoxicating liquors in a room not located on a street or highway as required by statute, and the State appeals. *Appeal sustained.*

*C. W. Miller,* Attorney-General, *C. C. Hadley, W. C. Geake, L. G. Rothschild* and *C. G. Orbison,* for State.

*Kane & Kane, George Shirts, W. R. Fertig, Albert Baker* and *Edward Daniels,* for appellee.

GILLETT, C. J.—This was a prosecution for a violation of §4, Acts 1895, p. 248, §7283d Burns 1901. Appellee was tried and acquitted, and the State appeals under §1955 Burns 1901.

The questions reserved are based on the giving and the refusal of certain instructions. These instructions present the following questions: (1) Whether the room in which appellee was conducting the business of selling intoxicating liquor at retail under the license laws of this State was located upon a street or highway within the meaning of §7283d, *supra;* and (2) whether the order of the board of commissioners in issuing a license to sell intoxicating liquor in such room, the proceeding being regular on its face, is a defense to this prosecution. We shall consider these questions in the order in which they are suggested.

1. The evidence shows the following state of facts: Block fifteen of the city of Noblesville is bounded on the north by Connor street, on the east by Ninth street, on the south by Maple avenue, and on the west by Eighth street. All of said streets are sixty-six feet wide, except Maple avenue, which is forty-nine and one-half feet wide. There are two ways, each sixteen and one-half feet wide, running at right angles through, and intersecting each other at the center of, said block. On the petition of the owners of the abutting property, the common council of said city designated said last-mentioned ways as Court street and O'Brien street, respectively. There are no sidewalks along said ways, but they are paved with brick; the improvement having been made upon proceedings had by said common council. Various kinds of business are conducted in the property abutting upon said paved ways. Whether such places of business face upon either of said ways does not appear. Said ways are open to and used by the public as public ways, both for travel in vehicles and on foot. The conditions indicated respecting said ways have existed since a time prior to the time that appellee applied for and received a license as hereinafter stated. In 1901 appellee erected a building at the southwest angle of said intersection, with a ground floor room having doors and windows facing upon each of said ways. The evidence

further shows that appellee received a license in the year 1901 to sell intoxicating liquors in said room, that the proceeding to obtain such license was regular on its face, and that he made the sale in question during the time for which said license was granted.

Section 7283d, *supra,* is as follows: "Any room where intoxicating liquors are sold by virtue of a license issued under the law of the State of Indiana, for the sale of spirituous, vinous, malt or other intoxicating liquors in less quantities than a quart at a time, with permission to drink the same upon the premises, shall be situated upon the ground floor or basement of the building where the same are sold, and in a room fronting the street or highway upon which such building is situated, and said room shall be so arranged, either with window or glass door, as that the whole of said room may be in view from the street or highway, and no blinds, screens or obstructions to the view shall be arranged, erected or placed so as to prevent the entire view of said room from the street or highway upon which the same is situated during such days and hours when the sales of such liquors are prohibited by law. Upon conviction for the violation of this or either of the foregoing sections of this act the defendant shall be fined in any sum not less than $10 nor more than $100, to which may be added imprisonment in the county jail not exceeding ninety days and in case of the conviction for the second offense either upon a plea of guilty or conviction upon trial thereof in any circuit, superior, criminal, justice or police court of Indiana, as a part of the judgment, the court may make an order revoking the license of the person convicted, which said judgment shall have the effect to completely annul and set aside such license, and all privileges and rights under the same. And upon the third conviction or plea of guilty entered, the court rendering judgment thereon shall annul and set aside such license and all privileges and rights under the same."

The term "highway" is generic, comprehending, in its broadest sense, every public way from an alley to a railroad or a navigable river. It will not be contended, however, that the legislature used said term in an unrestricted sense. The word "street" has been defined as "a public way or road, whether paved or unpaved, in a village, town, or city, ordinarily including a sidewalk or sidewalks and a roadway, and having houses or town lots on one or both sides; a main way, in distinction from a lane or alley." Century Dict., title, Street. See Stroud's Judicial Dict., same title. The practice has grown up in the legislation of this State of referring to rural ways as highways, as distinguished from streets, the thoroughfares of cities and towns. *Common Council, etc., v. Croas,* 7 Ind. 9; *City of LaFayette v. Jenners,* 10 Ind. 70; *Debolt v. Carter,* 31 Ind. 355; *Lake Shore, etc., R. Co. v. Town of Whiting,* 161 Ind. 76. Ways like those in question are too narrow to be used extensively by travelers in vehicles, and, if so used, they would be unsafe for persons on foot. Said ways answer the description of alleys in every particular in which they are described, and their character is shown by their relation to the streets surrounding said block. Elliott, Roads & Sts. (2d ed.), §23. We know judicially that alleys are almost wholly used for local convenience. They are not thoroughfares, and during Sundays and the late hours of the night—at times when the provision of the statute might be efficacious to prevent unlawful sales of intoxicating liquors—the travel along such ways, for all ordinary purposes, is practically nil.

As the title of the act of 1895 indicates, the purpose of the law was "to better regulate and restrict the sale" of intoxicating liquors. Section four of the enactment contains a number of regulations which are referable to such expressed purpose, and as their efficacy in cities and towns depends largely upon such places of business being located

upon the general ways of travel therein—streets, in the ordinary sense of the term—the conclusion cannot be escaped that the word "street" was used in such sense in said section. It is clear that the action of the common council in designating the ways in question as streets did not constitute them such in fact.

2. The granting of a license to sell intoxicating liquors does not adjudicate that the room described in the application was located upon a street. Under the law the question of the place is not one which the board is called on to adjudicate upon, although it should, of course, refuse to grant a license to sell at a place not located upon a street or a highway, as the issuing of such a license would not protect the applicant, and as no use could be made of it except to violate the law. If, however, a license issues, the applicant is bound to take notice of the limitations upon his right which said section four contains. That section provides: "Any room where intoxicating liquors are sold by virtue of a license issued under the law of the State of Indiana * * * shall be so arranged * * * as that the whole of said room may be in view from the street or highway * * * upon which the same is situated. * * * Upon conviction for a violation of this or either of the foregoing sections of this act the defendant shall be fined," etc. In the latter part of the section provision is made for the revoking of the license, as a part of the judgment of the court, upon a second or a third conviction. Under said section the offense consists in the failure to arrange a room "where intoxicating liquors are sold by virtue of a license" so that the whole of the room may be in view of the street or highway upon which the room is situated.

In *Hipes* v. *State,* 18 Ind. App. 426, it was said: "The offense is not complete when a person has received his license to sell liquor and has opened a room for that purpose not located as the law provides. The statute is intended to prevent the sale of liquors in a room not located

as provided by statute.  *  *  *  The purpose of this statute is to regulate the sale of intoxicating liquor, and, although a person may hold a license to sell, and have a stock of liquors in a room not located as required, yet, until he makes a sale in such room, he has not violated the statute." The case from which we just quoted was cited by this court as authority upon the construction of said section four in *Gates* v. *Haw,* 150 Ind. 370. It is as definitely required, under the language of said section, that there should have been a license granted to sell in a particular room, as it is that there should have been a sale therein, to constitute the keeping of such room in a manner contrary to the provisions of the section an offense.

As said section only undertakes to regulate the conduct of the business of licensed vendors of intoxicants, it follows that a holding that the granting of a license constitutes an adjudication as to the proper location of the room would work a destruction of an important part of the section, and, further, so to hold would require us to discard the provisions of said statute relative to the revoking of the license as a part of the punishment.

A license is not a contract. It is a mere permission which may not only be changed or annulled by statute, but can only be enjoyed upon the terms prescribed by the law-making power. *State* v. *Gerhardt,* 145 Ind. 439, 33 L. R. A. 313. When so understood, there is no incongruity in the holding that a license to sell intoxicating liquors at a particular place cannot be exercised except as the location of the place complies with the requirement of law. The licensee must take notice that such requirement is a factor that the granting of the license has in nowise canceled.

The appeal of the State is sustained.