## CAHILL v. THE STATE.

[No. 5,770. Filed November 16, 1905.]

1. . INTOXICATING LIQUORS.—*Licenses.*—*Statutes.*—The act of 1895 (Acts 1895, p. 248, §7283a *et seq.* Burns 1901) did not provide for the granting of a license to sell intoxicating liquors, such license being granted only under the act of 1875 (Acts 1875 [s. s.], p. 55, §7, §5318 R. S. 1881). p. 509.

2. SAME.—*Licenses.*—*Statutes.*—*Repeal.*—The act of 1897 (Acts 1897, p. 253, §3, §7283 Burns 1901) supersedes §5318 R. S. 1881, Acts 1875 (s. s.), p. 55, and provides for but one license for the sale of intoxicating liquors, and that is to sell "in less quantities than five gallons at a time." p. 509.

3. SAME.—*Licenses.*—*Statutes.*—*Purpose.*—The phrase "in less quantities than a quart at a time" in §7283b Burns 1901, Acts 1895, p. 248, §2, is declaratory of the laws then existing, and adds nothing to such statute, the true purpose of such section being to prohibit the doing of certain things in rooms where liquors are sold. p. 510.

4. SAME.—*Statutes.*—*Construction.*—Section ten of the act of 1895 (Acts 1895, p. 248, §7283k Burns 1901) providing that the

"provisions of this act shall apply to persons, places and sales of spirituous, vinous, malt and other intoxicating liquors" conducted under the liquor law of Indiana, makes the provisions of the act of 1895, *supra*, applicable to the act of 1897 (Acts 1897, p. 253) where not in conflict, such statutes being *in pari materia*. p. 511.

5. INTOXICATING LIQUORS.—*Statutes.*—*Construction.*—The acts of 1875 (Acts 1875 [s. s.], p. 55), 1895 (Acts 1895, p. 248) and 1897 (Acts 1897, p. 253) providing for the regulation of the liquor traffic should be construed together as if a single act. p. 512.

6. INDICTMENT AND INFORMATION.—*Intoxicating Liquors.*—*Sales.* —*Location.*—An indictment charging that defendant, "holding a license to sell intoxicating liquors in less quantities than five gallons at a time," unlawfully sold such liquors in a room not separate from other business, and unlawfully permitted a device for amusement in such room, and unlawfully suffered a partition to remain in such room, states a public offense. p. 513.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Prosecution by the State of Indiana against William Cahill. From a judgment of conviction, defendant appeals. *Affirmed.*

*John A. Kersey,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for the State.

ROBINSON, J.—Upon a plea of guilty, appellant was fined for an alleged violation of the liquor law. He assigns as error "that the indictment does not state a public offense." *Henderson* v. *State* (1878), 60 Ind. 296. The indictment is as follows: "The grand jury of the county of Grant and State of Indiana on their oath do present that one William Cahill on or about the 1st day of November, A. D. 1904, at said county of Grant and State of Indiana, being then and there a person holding a license under the law of the State of Indiana, authorizing the sale of spirituous, vinous, malt and other intoxicating liquors in less quantities than five gallons at a time, did then and there sell, and engage in the sale of,

such intoxicating liquors under said license, in a room there situate; and said William Cahill did then and there unlawfully fail and neglect to provide for the sale of such intoxicating liquors in said room separate from any other business, and did then and there, while engaged in the sale of such intoxicating liquors in said room aforesaid, unlawfully permit a certain device for amusement to be and remain in said room, and did then and there, while engaged in the sale of such intoxicating liquors in said room as aforesaid, unlawfully permit a certain partition to be and remain in said room, being then and there contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The act of March 11, 1895 (Acts 1895, p. 248, §7283a *et seq.* Burns 1901), made no provision for granting a license to sell intoxicating liquor. It was enacted,

1. as its title indicates, "to better regulate and restrict the sale" of intoxicating liquors, and so far as the granting of a license is concerned it operated upon persons exercising rights under the act of 1875. When the act of 1895 became operative, section seven of the act of 1875 (Acts 1875 [s. s.], p. 55, §5318 R. S. 1881) provided for issuing the license for the sale of liquors in less quantities than a quart at a time. The license was issued under this provision and not under any provision of the act of 1895; and, where the act of 1895 makes reference to a license to sell liquor, it refers to the license issued under §5318, *supra.*

In 1897 the legislature amended §5318, *supra,* and, among other changes, left out the provision "in less quantities than a quart at a time." This amended section

2. tion (§7283 Burns 1901, Acts 1897, p. 253, §3) reads: "Upon the execution of the bond required in the fourth section of this act, being §5315 R. S. 1881, the presentation of the order of the board of commission-

ers, granting him license, and the county treasurer's receipt for $100, the county auditor shall issue a license to the applicant for the sale of such liquors as he applied for, with the privilege of permitting the same to be drunk on the premises as stated in the aforesaid notice, which license shall specify the name of the applicant, the place of sale, and the period of time for which such license is granted: Provided, that none of the provisions of this act shall apply to any person engaged in business as a wholesale dealer, who does not sell in less quantities than five gallons at a time." This amended section entirely supersedes §5318, *supra,* and eliminates the provision "in less quantities than a quart at a time." The requirements of the statute now are that any person who desires to sell intoxicating liquor to consumers in quantities less than five gallons at a time is required to procure a license. And this is the only license now required for the sale of liquors. In considering this amendment the court, in *Daniels* v. *State* (1898), 150 Ind. 348, said: "It is manifest that the provisions of the old act have been so amended as to make unlawful all sales of intoxicating liquors, made without a license, regardless of quantity, saving and excepting no class other than those mentioned in the proviso just quoted, namely: Those wholesale dealers who do not sell in less quantities than five gallons at a time. * * * As we have construed the law, every one who desires to sell to consumers must take out the license required, unless he shall desire to sell in quantities of five gallons or more, in which event no license is required."

Section 7283b Burns 1901, Acts 1895, p. 248, §2, upon which the indictment is based, provides: "All persons holding license issued under the law of the State of Indiana, authorizing the sale of spirituous, vinous, malt or other intoxicating liquors in less quantities than a quart at a time, shall provide for the sale of such liquors in a room separate from any other

business of any kind, and no devices for amusement or music of any kind or character, or partitions of any kind, shall be permitted in such room:   Provided," that the act shall not be construed to forbid the sale of cigars and tobacco in such place; and providing, also, that upon application the board may grant the carrying on of such other or different business.   This section would have been complete and effective had the words "in less quantities than a quart at a time" been omitted, for the reason that, under the law of the State at that time, no license could be issued authorizing the sale of liquors, except a license to sell in less quantities than a quart at a time.   The true meaning and real intention of the legislature in enacting §7283b, *supra,* was to prohibit the doing of certain things in the room where liquor was sold under license.   Since the act of 1897 has been in force, the only license authorized by statute is a license to sell in less quantities than five gallons.   The act of 1897 did not expressly change any part of §7283b, *supra,* but, unless we construe the two acts together, the act of 1897 made §7283b, *supra,* meaningless.   The new requirement of the act of 1897 is not a departure from the general subject comprehended in the above section.   Section ten of the act of 1895 (§7283k Burns 1901), of which §7283b, *supra,* is a part, provides:   "All the provisions of this act shall apply to persons, places and sales of spirituous, vinous, malt and other intoxicating liquors whether conducted under the law of the State of Indiana licensing, regulating and restricting the sale of such liquors to be used as a beverage," etc.   We think the language applies to future as well as existing requirements.   "The rule that statutes," said the court in *Daniels* v. *State, supra,* "when *pari materia* should be construed together, suggests that we should look into the body of the law, and where it may be ascertained that some part of the law is ineffective without considering

some other part thereof, we should look to such other part for the purpose of giving effect to the whole, as well as to ascertain the legislative intent."

The acts of 1875, 1895 and 1897 had one purpose in view, and one only, and that was the regulation and restriction of the sale of intoxicating liquors. Prior to 1897 all legislation had been directed to controlling and restricting sales to consumers, and applied only to retail dealers; that is, to persons selling in less quantities than a quart at a time. But the act of 1897 did not in the least change the general trend and object of legislation upon the subject. The license is still required, not simply that sales may be made to consumers, but that sales may be made in any quantity less than five gallons. These three acts, taken together, constitute the system created by the legislature with the sole intent to regulate and control the liquor traffic. Having but one subject-matter and but one purpose in view, although enacted at different times, they should be construed together as a single act of the legislature. If it can be done, the three acts must be so construed that the provisions of each will be consistent with the provisions of all. "It is a familiar rule," said the court in *Lutz* v. *City of Crawfordsville* (1887), 109 Ind. 466, "that all the parts of a statute upon the same subject shall be construed together, and so construed as to produce consistency and harmony. If the legislature manifests an intention to create a system for the government of any subject, it is the duty of the court to effectuate that intention by such a construction as will make the system consistent in all its parts, and uniform in its operation. It would violate all rules of logic, as well as settled principles of law, to dissect the system into parts and assign effect to each part irrespective of its effect upon the uniformity and consistency of the entire system. Statutes are to be construed as part of a uniform system, and such a scheme adopted as will give each part

its appropriate place, and not destroy uniformity and harmony by cutting the system into disjointed and incongruous parts. *Humphries* v. *Davis* [1885], 100 Ind. 274, 284, 50 Am. Rep. 788; Bishop, Written Laws, §242b."

The enactment of the act of 1897 rendered immaterial the words "in less quantities than a quart at a time," in the act of 1895 (§7283b, *supra*), and by implication

6.  repealed that provision. The purpose and intent of the act of 1895 was to prohibit the carrying on of any other business in the room in which liquors were to be sold under a license issued under the laws of the State. This purpose and intent is no less clear since the act of 1897 than before. The indictment would have been good had it omitted the quantity in which sales may be made. Section 7283b, *supra,* must now be read without the words "in less quantities than a quart at a time," because there is now no statute authorizing such a license. It is not necessary to read anything into §7283b, *supra,* for the reason that if the person is the holder of a license to sell liquor the statute itself fixes the only kind of license it is possible for him to hold. See Maxwell, Interp. of Stat. (3d ed.), p. 109; Hardcastle, Constr. of Stat., p. 252; *Taylor* v. *Goodwin* (1879), 4 Q. B. D. 228; *In re Lloyd* (1893), 51 Kan. 501, 33 Pac. 307; *Daniels* v. *State, supra; State* v. *Myers* (1896), 146 Ind. 36. See, also, *State* v. *Kiley* (1905), *post,* 513.

Judgment affirmed.