## THE STATE v. KILEY.

[No. 5,799. Filed November 16, 1905.]

1. INTOXICATING LIQUORS.—*Statutes.*—*Construction.*—The acts of 1875 (Acts 1875 [s. s.], p. 55), 1895 (Acts 1895, p. 248) and 1897 (Acts 1897, p. 253), constituting the parts of a system for the regulation of the liquor traffic, must be construed together, the later acts controlling in case of conflict. p. 516.

State *v.* Kiley—36 Ind. App. 513.

2. INTOXICATING LIQUORS.—*Licenses.*—*Form of.*—*Statutes.*—A license to retail intoxicating liquor issued under §7283 Burns 1901, Acts 1897, p. 253, §3, needs no statement therein of the amount such licensee may lawfully sell, such statute fixing the amount at less than five gallons at a time. p. 516.

3. SAME. — *Statutes.* — *Licenses.* — *Wholesale Dealers.* — Under §7283 Burns 1901, Acts 1897, p. 253, §3, it is unlawful for any person, except wholesale dealers who sell not less than five gallons at a time, to sell, barter or give away intoxicating liquors without a license. p. 518.

4. SAME.—*Statutes.*—*Licenses.*—*Form of.*—A license granted under §5312 R. S. 1881, Acts 1875 (s. s.), p. 55, did not need to show in terms that it gave the right to sell "in less quantities than a quart at a time," such statute simply making it unlawful to sell in such quantities without a license. p. 518.

5. SAME.—*Statutes.*—*Licenses.*—*Form.*—Under the statutes in force in 1904 (Acts 1875 [s. s.], p. 55, Acts 1895, p. 248, Acts 1897, p. 253) there was no requirement that a license to sell intoxicating liquors should state the quantity permitted to be sold thereby. p. 519.

6. SAME. — *Statutes.* — *Amendments.*—*Application of.*—The provisions of the act of 1895 (Acts 1895, p. 248) relating to licenses issued under the act of 1875 (Acts 1875 [s. s.], p. 55) refer only to such licenses as are contemplated by the provisions of such act of 1895. p. 519.

7. INDICTMENT AND INFORMATION.—*Intoxicating Liquors.*—*Unlawful Sales.*—An indictment charging that defendant "holding a license" to sell intoxicating liquors "in less quantities than five gallons at a time" made unlawful sales in a room where other business was carried on, unlawfully permitted a device for amusement in such room, and unlawfully permitted a partition to remain in such room states a public offense. p. 520.

8. EVIDENCE. — *Licenses.* — *Form of.* — *Intoxicating Liquors.* — Where defendant is charged with an unlawful sale of intoxicating liquor while licensed under §7283 Burns 1901, Acts 1897, p. 253, §3, granting the right to the licensee to sell any quantity "less than five gallons at a time," evidence of a license permitting sales of "less than a quart at a time" relieves him. p. 520.

9. INTOXICATING LIQUORS.—*Licenses.*—*Specifying Amounts to Be Sold.*—A license stipulating that the licensee may sell "in quantities less than five gallons at a time," is not thereby vitiated, such phrase being surplusage. p. 520.

From Grant Circuit Court; *H. J. Paulus,* Judge.

State *v.* Kiley—36 Ind. App. 513.

Prosecution by the State of Indiana against Patrick Kiley. From a judgment quashing the indictment, the State appeals. *Reversed.*

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for the State.

BLACK, J.—The appellee's motion to quash an indictment against him was sustained. The indictment, returned into court January 26, 1905, charged that the appellee, on or about the 1st day of November, 1904, at, etc., "being then and there a person holding a license under the law of the State of Indiana, authorizing the sale of spirituous, vinous, malt and other intoxicating liquors in less quantities than five gallons at a time, did then and there sell, and engage in the sale of, such intoxicating liquors under said license, in a room there situate; and said Patrick Kiley did then and there unlawfully fail and neglect to provide for the sale of such intoxicating liquors in said room separate from any other business of any kind, and did then and there, while engaged in the sale of such intoxicating liquors in said room as aforesaid, unlawfully permit a certain device for amusement to be and remain in said room, and did then and there, while engaged in the sale of such intoxicating liquors in said room as aforesaid, unlawfully permit a certain partition to be and remain in said room, being then and there contrary to," etc.

The indictment was based upon §7283b Burns 1901, Acts 1895, p. 248, §2, which provides as follows: "All persons holding license issued under the law of the State of Indiana, authorizing the sale of spirituous, vinous, malt or other intoxicating liquors in less quantities than a quart at a time, shall provide for the sale of such liquors in a room separate from any other business of any kind, and no devices for amusement or music of any kind or character, or partitions of any kind, shall be permitted in such room," etc.

There is no appearance here for the appellee, but we infer from the brief for the State that the supposed objection to the indictment was that the appellee was not properly shown to be a person liable under that statute, because he was described in the indictment as a person holding a license, etc., authorizing the sale of intoxicating liquors "in less quantities than five gallons at a time."

The decision of this matter involves a consideration and comparison of the various statutes, some enacted in 1875, others in 1895, and others in 1897, all relating to the one subject of the retail liquor traffic, and all being parts of one system, the later enactments having in view the earlier and being intended as supplementary thereto or amendatory thereof, and all, therefore, to be treated as *in pari materia,* and to be so applied that, while all separate enactments shall be rendered effectual, they shall be construed so as to make a harmonious system, the statutes later in date being given controlling preponderance where there is any inconsistency or uncertainty, so as to enforce the intent of the legislature.

The first section of the act of 1875 concerning intoxicating liquors (Acts 1875 [s. s.], p. 55), in force when the foregoing statute of 1895 was enacted, provided: "It shall be unlawful for any person or persons to directly or indirectly sell, barter or give away for any purpose of gain, any spirituous, vinous or malt liquors, in less quantities than a quart at a time, without first procuring from the board of commissioners of the county in which such liquor or liquors are to be sold, a license as hereinafter provided; nor shall any person, without having first procured such license, sell or barter any intoxicating liquor to be drank or suffered to be drank in his house, outhouse, yard, garden, or the appurtenances thereto belonging." This section was amended in 1897 (Acts 1897, p. 253, §7276 Burns 1901) by omitting therefrom the words "in less quantities than a quart at a time."

Section three of the act of 1875 (§7278 Burns 1901, §5314 R. S. 1881) provides that any male inhabitant of the State "desiring to obtain license to sell intoxicating liquors," shall give notice to the citizens of the township, etc., "stating the precise location of the premises in which he desires to sell, and the kinds of liquor, whether vinous and malt liquors, or malt liquor only, or spirituous, vinous, and malt liquors, or vinous liquor only," etc. Section four of the act of 1875 (§7279 Burns 1901, §5315 R. S. 1881) provides that the board of county commissioners "shall grant a license to such applicant on his giving bond" described. Section seven of the act of 1875 (§5318 R. S. 1881), until amended in 1897, provided: "Upon the execution of the bond as required in the fourth section of this act, and the presentation of the order of the board of commissioners, granting him license, and the county treasurer's receipt for $50, if the application be for vinous and malt liquors only, or a receipt for $100, if the application be for the sale of spirituous, vinous and malt liquors as aforesaid, the county auditor shall issue a license to the applicant for the sale of such liquors, as he applied for, in less quantities than a quart at a time, with the privilege of permitting the same to be drank on the premises as stated in the aforesaid notice, which license shall specify the name of the applicant, the place of sale, and the period of time for which such license is granted."

Said section as amended in 1897 (§7283 Burns 1901) provides as follows: "Upon the execution of the bond required in the fourth section of this act, being §5315 R. S. 1881, the presentation of the order of the board of commissioners, granting him license, and the county treasurer's receipt for $100, the county auditor shall issue a license to the applicant for the sale of such liquors as he applied for, with the privilege of permitting the same to be drunk on the premises as stated in the aforesaid notice, which license shall specify the name of the applicant, the

place of sale, and the period of time for which such license is granted: Provided, that none of the provisions of this act [that is, the entire act of 1875 as amended] shall apply to any person engaged in business as a wholesale dealer, who does not sell in less quantities than five gallons at a time." If said section, as originally enacted, contemplated that the auditor should expressly state in the license issued by him that it was a license to sell in less quantities than a quart at a time, it is plain that there was no such contemplation in the amended section, which requires only that it shall be a license "for the sale of such liquors as he applied for, with the privilege of permitting the same to be drunk," etc., and further provides that none of the provisions of the act of 1875 as amended shall apply to any person engaged as a wholesale dealer, who does not sell in less quantities than five gallons at a time.

Taking into contemplation the entire amendatory section (7283, *supra*) and considering the modification thereby of the original section, and looking to the language 3.  of the proviso indicating the persons to whom the statute should not apply, and having in view also the contemporaneous omission (by amendment in 1897 of the first section of the same statute) of the words "in less quantities than a quart at a time," it is manifest that the legislature intended by the amended first section to denounce as unlawful sales, etc., without a license as afterward provided for in said amendatory section; that is, unlicensed sales by a person other than a wholesale dealer, who does not sell in less quantities than five gallons at a time.

The first section of the act of 1875, before its amendment, did not, indeed, require expressly that the license contemplated should by its terms be a license to 4.  sell in less quantity than a quart at a time. It made it unlawful to sell in such small quantity, or to sell in any quantity to be drunk on the premises, with-

out "a license as hereinafter provided," and in the amendment of that section and of section seven, before the license was granted the appellee, the words concerning the quantity were purposely omitted, except in the proviso relating to wholesale dealers.

The statute providing for the notice of the application, above mentioned, requires that the notice shall state the place of sale and the kinds of liquor to be sold, but not the quantity. So §7279 Burns 1901, §5315 R. S. 1881, relating to the action of the county board, provides that the board shall grant a license, without further specifying the contents of the board's order; and §7283, *supra,* provides for the issuing by the auditor of "a license to the applicant for the sale of such liquors as he applied for, with the privilege of permitting the same to be drunk on the premises," etc., without any requirement that the license shall expressly indicate the quantity less than which a sale may be made, the proviso making the whole statute of 1875, as amended, inapplicable to any person engaged in business as a wholesale dealer, who does not sell in less quantities than five gallons at a time. So, it appears that there is not, and at the time of the offense charged in the indictment there was not, any statutory requirement that the license should be expressly for the sale, barter or gift of liquor in less than any designated quantity.

The rule of strict construction of criminal statutes should be applied so as not to thwart the manifest intention of the legislature; and we are disposed to think that those portions of the act of 1895 which have reference to licenses issued by the State pursuant to the act of 1875 should be regarded, since the amendatory legislation of 1897, as having reference to licenses such as are contemplated by the amendments, the purpose being discoverable at all stages of the legislation to make a system of law thus consistent.

The statute above quoted under which this prosecution was instituted provides that all persons holding license issued under the law of this State, authorizing the sale of spirituous, vinous, malt or other intoxicating liquors in less quantities than a quart at a time, shall make certain provisions for such sales. Any liquor license issued under the law of this State would confer such authority, and also authority to sell in less quantities than five gallons at a time, though no quantity were specified in the license. A license to sell in any less quantity than five gallons at a time would authorize a sale in less quantity than a quart. If, upon the trial, it should appear that the defendant had a license which purported to authorize him to sell in less quantities than five gallons at a time, or a license in which no quantity was expressed, this would bring him within the meaning of the statute, and would support the indictment. If the license shown on the trial should expressly purport to be a license to sell in less quantity than a quart at a time, we would be inclined, as at present advised, to regard such an expression as merely the result of a misconception of the law by the auditor in the performance of the ministerial duty of issuing the license granted by the board of commissioners, and as not affecting the rights or liabilities of the retailer, who had properly performed all the requirements of the law in the premises for the procurement of a license. The question now before us for decision relates only to the indictment.

The administrative officers who issue liquor licenses, having been accustomed, in preparing licenses under the statute of 1875, to make them to purport expressly to be licenses to sell in less quantities than a quart at a time, have sometimes substituted the words "in less quantities than five gallons at a time." *Shaffer* v. *Stern* (1903), 160 Ind. 375, is said in the opinion to be an appeal in a proceeding brought by the appellant to ob-

tain a license to sell intoxicating liquors "in less quantities than five gallons at a time." While such words in a license seem to be unnecessary, they certainly do not vitiate the license; nor does such a description of the license as that contained in the indictment before us render the indictment bad. See *Cahill* v. *State* (1905), *ante,* 507.

Judgment reversed.