·TEEGARDEN v. THE STATE.

[No. 6,122. Filed October 30, 1906.]

1. STATUTES.—*Application of.*—Statutes are effective only against the persons described therein. p. 18.

2. INTOXICATING LIQUORS. — *Wholesalers.* — *Statutes.* — Section 7283d Burns 1901, Acts 1895, p. 248, §4, providing that any room where intoxicating liquors are sold by virtue of a license shall front upon a public street and be provided with windows and doors, so that the interior may be seen from the street, does not apply to wholesalers, but only to licensed retailers. p. 18.

3. SAME.—*Restrictions of Sales of.*—*Statutes.*—The purpose of the laws regulating the sales of intoxicating liquors is to restrict such sales. p. 20.

4. STATUTES.—*Construction.—In Pari Materia.*—Statutes upon a single subject, passed at different times, will be construed together as a single act.  p. 20.

5. CRIMINAL LAW.—*Intoxicating Liquors.—Sales.—Wholesalers.*—Defendant, who was the agent of a brewing company, and sold intoxicating liquors from a cold-storage room in greater quantities than five gallons at a time, is not guilty of a violation of §7283d Burns 1901, Acts 1895, p. 248, §4, providing that licensed retailers shall sell in a room facing a street and provided with doors and windows through which the interior of the room may be seen from the street.  p. 21.

From Owen Circuit Court; *Joseph W. Williams,* Judge.

Prosecution by the State of Indiana against George Teegarden. From a judgment of conviction, defendant appeals. *Reversed.*

*J. R. Miller, N. A. Whitaker, Lamb, Beasley & Sawyer* and *Charles A. Crawford,* for appellant.

*Charles W. Miller,* Attorney-General, for the State.

WILEY, J.—Appellant was convicted on a charge of having violated §7283d Burns 1901, Acts 1895, p. 248, §4. So much of that section as applies to the offense charged is substantially as follows: "Any room where intoxicating liquors are sold by virtue of a license issued under the law of the State of Indiana, for the sale of spirituous, vinous, malt or other intoxicating liquors in less quantities than a quart at a time, with permission to drink the same upon the premises, shall be situated upon the ground floor," and, among other requirements, shall front upon a public street, and be provided with windows or glass door or doors, so that the whole of said room may be in view from the street or highway upon such day as the sales of liquors are prohibited, etc.

The affidavit, omitting its formal parts, is as follows: "William W. James, being duly sworn, says that George Teegarden, on the 23d day of July, 1905, at the county of Owen, State of Indiana, he being then and there the occupant of a certain room and the manager in control of the

business conducted therein, said room then and there being on the first floor, situate on West Franklin street, in the town of Spencer, Owen county, Indiana, and known as the 'Beer house,' which said room was then and there located and fronted upon a certain public street, to wit, Franklin street, in said town, in which said room intoxicating liquors were then and there sold under and by virtue of the laws of the United States, to be used and drank as a beverage, did then and there unlawfully keep and maintain said room, it not being then and there so arranged either with windows or glass door or doors so that the whole of said room might be in view from the street or highway upon which the same is situated, said day being the first day of the week, commonly called Sunday, contrary to law," etc.

Appellant's motions to quash the indictment, for a new trial, and in arrest of judgment, were overruled, and such rulings are assigned as errors.

We are favored with able arguments both by counsel for appellant and the State upon the sufficiency of the affidavit. The proposition is asserted by counsel for appellant, and controverted by the State, that §7283d, *supra,* was repealed by the adoption of the criminal code of 1905. This proposition is also ably discussed. We do not, however, deem it important to consider or decide either of these questions, because under the undisputed facts the State is not entitled to a conviction. The essential and material facts disclosed by the evidence are these: The building mentioned in the indictment was owned by a brewing company as a cold storage for beer. It was built with thick walls, with cinders between the outer and inner surface. There was an office attached to the building, but no opening from the office into the building. Beer was shipped from the brewery by car loads and stored there. The beer was stored in the building with ice, so as to preserve it, and from such building it was distributed to purchasers. It was shipped in kegs, cases, and barrels. Appellant was the agent of the

brewing company to receive, store, sell and distribute its beer from that point. The beer was sold by him in quantities of five gallons and over at a time. There is no evidence that he ever sold any beer, in any quantity, to be drunk on the premises. The building was situated on a public street in the town of Spencer, Owen county, and it was not arranged at any time so that the whole of the room could be seen from the street. The building was in the same condition when appellant took employment with the brewing company as it was at the time mentioned in the affidavit. Upon these facts the State insists that the appellant was properly convicted and that the judgment of the trial court should stand. If these facts bring appellant within the class embraced in the statute the judgment should be affirmed.

Our first inquiry, therefore, will be to determine this question. It seems a self-evident proposition that the section of the statute which forms the basis of this

1. prosecution cannot be effective against any person, unless he comes within the class embraced in its provisions.

We have no doubt but that the provisions of §7283d, *supra,* relating to the location of the room, doors, windows, screens, etc., so that a view of the room may be had

2. from the street during days and hours when the sale of liquor is prohibited, refer to rooms where liquor is sold under a license to consumers, with the privilege of allowing the same to be drunk on the premises. It has no application to wholesalers.

The act of 1875 (Act 1875 [s. s.], p. 55, §§1-8, 12, 18-20, §§5312-5323 R. S. 1881) provided for granting license to sell intoxicating liquors at retail, etc. In 1897 (Acts 1897, p. 253) the legislature amended sections one, five, and seven of the act of 1875.

Section seven of that act (§5318, *supra*) provided that under certain specified conditions the county auditor should

issue to the applicant a license which would authorize him to sell intoxicating liquors in less quantities than a quart at a time, with the privilege of permitting the same to be drunk on the premises, etc.

In 1897 (§7283 Burns 1901) that section was amended by adding the following proviso: "That none of the provisions of this act shall apply to any person engaged in business as a wholesale dealer, who does not sell in less quantities than five gallons at a time."

As to whether appellant comes within the class to which §7283d, *supra,* applies is well illustrated in the case of *Daniels* v. *State* (1898), 150 Ind. 348. It was there said: "In order to consider further questions presented, it becomes necessary to determine the classes of persons to whom the body of the liquor laws of the State now apply. There has been no time when the laws of the State attempted to regulate the traffic as between the manufacturer, the wholesale dealer or the jobber, and the retail dealer. All legislation has been directed to restricting and controlling sales to the consumer, and, until the act of 1897, has applied only to the retail dealer, or to one selling in quantities less than one quart at a time. Considering all existing legislation upon the subject, including the act of 1875, the act of 1895, and the act of 1897, we find nothing changing the general trend and object of the legislation of the State upon the subject. The license now required and issued is not only with reference to sales to consumers, but every holder thereof may sell for consumption at the time and place of sale. Provisions as to notice of application for license, location of room, regulations as to screens, etc., all disclose an intention to restrict the trade with consumers and to detect unauthorized sales to them. The license features of existing laws have not even a remote application to sales by the brewer, distiller, or the wholesale dealer to the retail dealer. If they did apply, the brewer, before selling and delivering less than five gallons of beer

or ale to the saloon-keeper, would be required to procure a license authorizing him to sell beer or ale by the drink for consumption upon the premises, and would be subject to all of the restrictions with reference to location of business, screens, etc., as applied to the saloon. The same would be true with reference to the distillers and others who make sales to retail dealers. The scope of our laws upon the subject, we have no doubt, includes only such dealers as sell to consumers, and must be construed with reference to such class or classes. If the brewer, the distiller, the druggist, or the wholesale dealer, selling less than five gallons at a time, desires to sell to the consumer, he must procure a license just as the retail dealer, the 'quart shop' or the 'jug house' is required to do."

All the legislation in this State regulating the sale of intoxicating liquors has been enacted for the purpose of restricting such sales, and §7283d, *supra,* is one of the important provisions which has for its purpose the easier detection of the violation of other sections, which prohibit the sale of liquors during certain hours and days.

It is the rule that acts of the legislature which treat of but one subject-matter, and have but one purpose in view, although enacted at different times, should be construed together as a single act, and in such manner that the provisions of each, if possible, be consistent with all. *Cahill* v. *State* (1905), 36 Ind. App. 507; *State* v. *Kiley* (1905), 36 Ind. App. 513; 44 American Digest (Century ed.), p. 2860, and authorities there cited.

In the case of *Daniels* v. *State, supra,* it was held that the laws of the State did not attempt to regulate the traffic as between the manufacturer, the wholesale dealer, or the jobber, and the retail dealer, but were directed to restraining sales to the consumer. The manufacturer sells his product to be drunk as a beverage, and yet such sales,

and the place where it is manufactured and sold, are not regulated by state laws.

The undisputed evidence in this case shows that the room specified in the affidavit was a cold-storage room, from which beer was distributed to retailers. This being true, the law did not require that it should be so constructed with doors and windows as to be visible from the street. The appellant is not within the class designated by the statute, and hence its provisions are not applicable to him. There is no evidence to support the finding, and, this being true, such finding is contrary to law. *Deal* v. *State* (1895), 140 Ind. 354; *Chapman* v. *State* (1901), 157 Ind. 300; *DeTarr* v. *State* (1906), 37 Ind. App. 323.

Judgment reversed.