Kline v. State—187 Ind. 612.

abatement, and for further proceedings not inconsistent herewith.

NOTE.—Reported in 120 N. E. 658.

KLINE v. STATE.

[No. 23,451.   Filed November 19, 1918.]

INTOXICATING LIQUORS.—*Place of Sale.—Conducting Other Business.*—The operation of a restaurant or other business in a room covered by a license to sell intoxicating liquors is not a violation of §8325 Burns 1914, Acts 1895 p. 248, unless the business of selling such liquors under the license is being conducted at the time.

From Marion Criminal Court (45,876) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Charles Kline. From a judgment of conviction, the defendant appeals. *Reversed.*

*Clyde E. Baker,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings* and *Dale F. Stansbury,* for appellee.

LAIRY, J.—Appellant was tried and convicted in the criminal court of Marion county on an affidavit charging him with the violation of §8325 Burns 1914, Acts 1895 p. 248.

There was no motion to quash the affidavit, its sufficiency being questioned for the first time after verdict by a motion in arrest of judgment. The overruling of this motion is assigned as error.

The material facts stated in the indictment show that the defendant, on June 8, 1916, at the county of Marion and the State of Indiana did then and there unlawfully allow, control, and operate a restaurant and eating house in the same room in which he held a license for

the sale of spirituous, vinous, malt and other intoxicating liquors, and that said defendant was not at the time acting under the authority of a permission granted by the board of commissioners of Marion county indorsed on his license, authorizing him to carry on said business other than the sale of intoxicating liquors in said room.

It will be observed that the affidavit states that the defendant conducted a restaurant in a room in which he held a license to sell intoxicating liquors, but it is not alleged that he was at the time engaged in conducting a saloon in said room and selling liquors under said license, or that any sales of intoxicating liquors were made in said room.

The act of which the section cited forms a part was intended to regulate and control the sale of intoxicating liquors. The true purpose of the legislature in enacting §8325, *supra,* was to prohibit the doing of certain things in a room where liquor was being sold under a license. *Cahill* v. *State* (1905), 36 Ind. App. 507, 76 N. E. 182; *Hipes* v. *State* (1897), 18 Ind. App. 426, 48 N. E. 12. It is not a violation of the section under consideration to conduct a restaurant or other business in a room covered by a license to sell intoxicating liquors, unless the business of selling liquors under such license is being carried on at the time. The affidavit does not state facts sufficient to constitute a public offense. The motion in arrest of judgment was based on that ground, and it should have been sustained for the reasons stated.

The judgment is reversed, with instructions to sustain appellant's motion in arrest of judgment.

NOTE.—Reported in 120 N. E. 709.